THOMAS D. DEMOND & others *vs.* DANIEL S. BURNHAM.

Suffolk. January 26. — September 7, 1882.

A promissory note was dated at "Boston," and following the name of the maker were the words "Brighton District." In an action against an indorser on the note, the evidence tended to show that when the note was given, and until some weeks before it became due, the maker had a place of business in the Brighton District; that, on the day it became due, a notary public went with the note to that place and found it closed and unoccupied; that he made inquiries at a hotel opposite to it, but could find no other place of business of the maker; and there was no evidence that he made any further inquiries or any attempt to find either the maker or his place of business or residence. *Held,* that the words "Brighton District" did not designate the place at which the note was payable; and that there was not sufficient evidence of a demand upon the maker to charge the indorser.

CONTRACT against Daniel S. Burnham as indorser of a prom-issory note, for $200, dated Boston, October 20, 1879, payable

three months after date, at ——, to the order of the plaintiffs, and signed "Webster C. Langmaid, Brighton District." The name of the defendant appeared on the back of the note. The answer admitted the indorsement of a certain note by the defendant, which he stated he believed was signed by said Langmaid, and that, when the original note which he so indorsed should be produced at the trial, his signature would be admitted; and alleged want of demand on the maker and of notice to the defendant. Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, which, after stating that the pleadings formed part of the exceptions, was in substance as follows:

The plaintiffs are the owners and holders of said note, and the name of Burnham, the indorser, was on the note before it was delivered to the payee. The bookkeeper of the plaintiffs testified that the words "Brighton District" were written by the maker at the time the note was given, but the defendant was not present.

A notary public testified that, at the maturity of the note, on the last day of grace, he went to the Brighton District in Boston, and, upon inquiry for the place of business of the maker, Langmaid, was shown a store in a block nearly opposite the hotel, which store was at that time closed; that he looked through the window and saw that it had the appearance of a grocery from which the stock had been removed; that he made inquiries at the hotel, but could find no other place of business of Langmaid, and that he could get no other trace of Langmaid; that he had the note with him, but could find no one in or at the store upon whom to make demand; that he mailed to the indorser on that evening, prepaid, a notice of demand and non-payment. The notarial protest set forth that the notary ".demanded payment at the last place of business of the promisor. No person there was authorized to pay."

One of the plaintiffs testified that he knew Langmaid's place of business; that it was the only grocery in a block nearly opposite the hotel, in the Brighton District, Boston; that he was so informed by Langmaid at or before the time the note was given, and had been at the store several times, the last time some weeks before the note fell due, the store being then open; that he had

no other means of information; but he testified, just before he
left the stand, that he knew this was Langmaid's place of busi-
ness at the time the note fell due.

No other evidence of demand was introduced, and the judge
ruled that the plaintiffs could not maintain their action upon
this evidence, and directed the jury to return a verdict for the
defendant. The plaintiffs alleged exceptions; and the judge ·
reported the case for the determination of this court.

If on the foregoing evidence there was a question for the
jury, the plaintiffs were to have a new trial. If the ruling of
the court was correct, judgment on the verdict was to be en-
tered.

*E. C. Gilman*, for the plaintiffs.

*A. Russ & W. G. A. Pattee*, for the defendant.

W. ALLEN, J. The defendant in his answer does not deny,
and therefore admits, that he indorsed the note declared on. It
must be taken, therefore, that the words "Brighton District,"
were upon the note when it was indorsed. These words do not
designate the place at which the note is payable. They are not
inserted in the blank left in the body of the note for the place
of payment. They follow the signature, and are connected only
with that, and can have no greater effect than to identify the
maker as of the Brighton District. The court will take notice
that the Brighton District is a part of Boston; and the utmost
effect that can be given to the words is to treat them as a part
of the date of the note, as if they had been written before the
word Boston. They cannot be construed as if the words "paya-
ble at the place of business of the maker in" had been written
before them, and we are not called upon to decide what effect
they would have if they had been so written.

The question is, whether there was sufficient evidence of a de-
mand upon the maker to charge the indorser. The promise not
being to pay the note at any particular place, demand must be
made upon the maker personally, or at his place of business, or at
his residence, or a sufficient excuse for not making a demand must
be shown. No demand was made, and the excuse for not making
one is that the maker could not be found. This is a sufficient
excuse, if it appears that reasonable diligence was used to find
the maker, his residence and place of business. The evidence

tends to show that when the note was given, and until "some weeks" before it became due, the maker had a place of business in the Brighton District; that, on the day the note became due, a notary public went with the note to that place and found it closed and unoccupied; that he made inquiries at a hotel opposite to it, but could find no other place of business of the maker. There is no evidence that he made any further inquiries, or any attempt to find either the maker or his place of business or residence. The general statement that he could get no other trace of the maker must be taken in connection with the effort which it appears he made to get some trace. The most that can be inferred from this is that the maker had no place of business when the note became due. Giving to the note and the evidence the effect most favorable to the plaintiffs of which they will admit, the case is presented of a note, not payable at a particular place, dated at Brighton District, Boston, the maker of which has no place of business. The note is then payable at his residence, and demand should be made there, or upon him personally. But no attempt was made to present the note where it was payable. It was treated by the notary as a note payable at a particular place, and a demand was attempted to be made only at that place. After the notary had ascertained that that was not the place of business of the maker, and therefore not the place of payment of the note, no diligence whatever was used to find the place of payment. There was no evidence that the maker did not have a place of residence in the Brighton District, nor that it was not known to the plaintiffs, the payees of the note, nor that the notary could not have found it, had he made any inquiry or looked into the city directory. The only ground upon which it can be held that a demand was not necessary in this case is, that a demand need not be proved until the defendant had proved that the residence of the makers was known to the plaintiffs, or could have been found by reasonable diligence. Generally, when such questions are tried, the place of residence of the maker will be in evidence, and that evidence may be decisive, on the one side or the other, of the question of diligence; but where no evidence is offered in regard to that, and all that appears, besides the note itself, is that a notary was employed to make a demand, who made no attempt to find the place of

residence of the maker, but contented himself with an ineffectual demand at the maker's former place of business, — where it does not appear that his residence was not at the place of the date of the note, and was not known to the plaintiffs, or could not have been found on reasonable inquiry, — it cannot be said that that diligence was exercised which will excuse a demand. The presumption that the maker resided where the note was dated is not controlled or weakened by the fact that he had a former place of business there which he had recently ceased to occupy, or that an indorser, when sued, did not fortify the presumption by evidence. *Talbot* v. *National Bank of the Commonwealth*, 129 Mass. 67. *Granite Bank* v. *Ayers*, 16 Pick. 392. *Smith* v. *Philbrick*, 10 Gray, 252. In the opinion of a majority of the court, there must be *Judgment on the verdict.*