CITY OF HAVERHILL *vs.* CITY OF MARLBOROUGH.

Essex. November 3, 1904. — January 4, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

</div>

*Practice, Civil,* Exceptions; Agreed statement of facts. *Municipal Corporations. Pauper. Public Health. Statute,* Construction, Repeal, effect of. *Board of Health.*

A party aggrieved by a ruling of law, made by a judge upon an agreed statement of facts which gives no power to draw inferences of fact, has the right to allege exceptions, under R. L. c. 173, § 106, but where such exceptions can present no questions which are not open on an appeal from a judgment on the agreed facts, the resort to exceptions is bad practice because wholly useless.

An erroneous ruling upon a question of law, made by a judge hearing a case upon an agreed statement of facts which gives no power to draw inferences of fact, if it is not material to the decision of the judge furnishes no ground for a reversal of the judgment.

The provision of R. L. c. 75, § 40, that "each city shall establish and be constantly provided, within its limits, with one or more isolation hospitals for the reception of persons having smallpox or any other disease dangerous to the public health," does not require that all persons ill with smallpox shall be treated in such hospitals and not elsewhere, and under the provisions of § 42 of the same chapter it is within the power of the proper officers of a city either to remove to a hospital the persons who have fallen ill of smallpox or to care for them in the houses where they reside, and no person can be removed to a hospital against his will unless in the opinion of the city's board of health and of the attending physician the case cannot be isolated properly in the house where the patient resides. For these reasons the failure of a city to provide itself with a smallpox

hospital does not prevent it from recovering in an action against another city under R. L. c. 75, § 57, for expenses incurred by its board of health for persons infected with smallpox having a settlement in the defendant city.

In an action by one city against another, under R. L. c. 75, § 57, for expenses incurred by the plaintiff's board of health for persons infected with smallpox having a legal settlement in the defendant, if it appears that the persons in question were the only ones who fell ill in the house in which they were cared for, the plaintiff can recover the amount of a physician's reasonable bill, charging not only for his services required at the house but also for two weeks' quarantine thereafter, for which the plaintiff in its contract with the physician had agreed to pay.

In an action by one city against another, under R. L. c. 75, § 57, for expenses incurred by the plaintiff's board of health for persons infected with smallpox having a legal settlement in the defendant, the plaintiff cannot recover expenses incurred for the services of policemen stationed to enforce the quarantine of the house in which the patients were isolated, or for supplies for other persons not ill who were quarantined in the same house, these expenses having been incurred not for the persons infected with smallpox but for the preservation of the public health.

A statute is not to be construed as retroactive unless an intention that it should affect past transactions is expressed in its provisions.

St. 1902, c. 213, relating to the compensation of a city or town for expenses incurred for persons infected with smallpox having settlements in another city or town, which repealed R. L. c. 75, § 57, relating to the same subject, did not destroy or affect obligations existing under the repealed section.

Whether under St. 1902, c. 213, § 1, a city or town, whose board of health has incurred expenses for persons infected with smallpox having settlements in another city or town can maintain an action for such expenses without first obtaining the approval of its bill by the board of health of the defendant city or town, *quære.*

CONTRACT, under R. L. c. 75, §§ 54, 57, for expenses incurred by the board of health of the city of Haverhill in making the provision required by law for Geneva Wright and Charles Wright, persons infected with the smallpox, having a legal settlement in the city of Marlborough. Writ dated July 28, 1902.

In the Superior Court the case was heard by *Holmes*, J., without a jury, upon an agreed statement of facts. The judge ruled that the reasonable expenses incurred for Geneva and Charles Wright must be limited to items one to six inclusive of the plaintiff's declaration, and that $200 paid the physician under his contract for the two weeks subsequent to his attending the Wrights was a part of his compensation for attending them and should be allowed. He found that items one to six inclusive of the declaration were reasonable expenses incurred for the Wrights in their care and treatment for smallpox, and allowed these items.

All the other items of the declaration the judge disallowed as matter of law as not incurred for the Wrights. The judge ruled that upon the facts stated the removal of the Wrights from their residence was not required, and that they properly might be cared for by the board of health at their residence. The judge also ruled that if St. 1902, c. 213, requires approval by the board of health of a defendant municipality of a bill for caring for a poor person affected with an infectious disease as a prerequisite to recovery, still that act is to be construed as operating prospectively and not to affect cases where relief proceedings were undertaken before it went into effect. The judge also ruled that the failure of the plaintiff to establish an isolation hospital could not avail the defendant to defeat this action.

The judge allowed interest only from the date of the writ, and found for the plaintiff in the sum of $1,018.64, and apparently gave judgment for that sum. Both the plaintiff and the defendant appealed. The defendant also, without waiving its appeal, alleged exceptions, which were allowed by the judge as follows: " I think that all the questions of law arising in this case can be heard upon the appeal, but if as a matter of law I can allow these exceptions then they are allowed."

. *J. W. McDonald*, for the defendant.

*E. S. Abbott*, for the plaintiff.

BARKER, J. The expenses for which repayment is sought were incurred by the city of Haverhill in consequence of the falling ill with smallpox within its limits of two persons whose settlement was in Marlborough. The expenses were incurred between February 27, 1902, and the fifth day of the following April. In the lower court the case was tried without a jury upon the pleadings and an agreed statement of facts, and a finding was made for the plaintiff in respect of a part only of the items declared for. Both parties appealed to this court, and the defendant also filed a bill of exceptions. The agreed statement of facts gave the court no power to draw inferences of fact. For this reason the plaintiff contends that the defendant had no right of exception. But rulings of law made upon the trial of a case upon an agreed statement of facts are rulings by which either party to the case may be aggrieved, and the right to allege and prosecute such exceptions is conferred by statute. R. L. c. 173, §§ 105–110.

But in cases like the present it is wholly useless and therefore bad practice to prosecute exceptions, for the reason that no relief can be given to the excepting party upon his bill of exceptions which would not be open to him upon an appeal merely. Neither the court of first instance nor this court can draw inferences of fact when the agreed statement has no clause giving that power. The final decision in such a case is that required as a matter of law by the application of correct principles of law to the facts agreed. All questions of law material to the decision therefore are open upon the appeal; and if the court below has made an erroneous ruling upon a question of law not material to the decision, the error furnishes no ground for a reversal of the judgment, and it is useless to ask us to revise it upon exceptions. See *Rand* v. *Hanson,* 154 Mass. 87, 91 ; *Norton* v. *Brookline,* 181 Mass. 360, 364.

When the expenditures of the plaintiff began on February 27, 1902, its power and duty to incur them and its right to recover on account of them were regulated by the provisions concerning hospitals and dangerous diseases contained in R. L. c. 75, §§ 35–58, the duty of repayment being imposed by § 57, and the right of action being conferred upon the municipality by § 54. Before the expenditures had been completed on April 5, 1902, the Legislature had enacted the St. 1902, c. 213, which took effect on March 26, 1902.

The defendant contends that the plaintiff can take nothing by its action because it had not established an isolation hospital in accordance with the provisions of R. L. c. 75, § 40, and also because the persons ill with smallpox were not removed to a hospital but were kept in the dwelling where they fell ill. We think these contentions unsound. In the first place, § 40, which provides that "each city shall establish and be constantly provided, within its limits, with one or more isolation hospitals for the reception of persons having smallpox or any other disease dangerous to the public health," provides its own penalty, which is a forfeiture of not more than $500 for each refusal or neglect to comply with the provisions of the section upon request of the State board of health, and does not enact that all persons ill with smallpox, or any such persons, shall be treated in such hospitals and not elsewhere. In the next place, under the provi-

sions of § 42, which under R. L. c. 8, § 5, cl. 23, we construe to apply to cities, it was within the power of the proper officers of the plaintiff either to remove to a hospital the persons who had fallen ill or to care for them in the house where they resided ; nor could the persons lawfully be removed to any hospital unless in the opinion of the plaintiff's board of health and of the attending physician the case could not be isolated properly in the house where the patients resided. R. L. c. 75, § 56.

The expenses for which the plaintiff seeks to recover are of several classes, one only of which was allowed for in the finding for the plaintiff in the court below. The expenses so allowed were for the services of a physician, medicines, household supplies and rent of the house. The only question raised by the defendant as to the expenses of this class, if the plaintiff is held to be entitled to recover at all, is as to the services of the physician. He was employed on February 27, 1902, to go to the house and remain there to attend and care for all persons in the building who then were or might be ill of smallpox, and he remained at the house under that employment until April 5, 1902. No persons in the house fell ill with smallpox except the two who had settlements in Marlborough. His agreed compensation for the service was to be a certain sum per week for such time as his services should be required at the house and for two weeks' quarantine thereafter ; and the charge for his services in the plaintiff's bill of particulars includes the agreed compensation for the two weeks after he left the house. It is agreed that the prices charged in the bill are reasonable for the services rendered, and from this it follows as a conclusion of law that the amount paid the physician was a reasonable one. But the defendant contends that the stipend for the two weeks after the physician had been allowed to leave the house and during which he rendered no services to the persons who had been ill there were not expenses incurred in making any provision for the persons infected with smallpox, but were merely expenses incurred for the protection of the public from contagion. We think this too fine a distinction to be followed, and that the whole sum paid to the physician was an expense incurred in providing medical attendance for the two persons who were ill.

The other classes of expenses were for services of policemen stationed to enforce the quarantine of the house, and for supplies for other persons not ill, furnished because they also were quarantined in the same building. All these expenses were disallowed by the lower court, and we think rightly. They were not incurred for the persons infected with smallpox, but for the preservation of the public health.

The remaining contention of the defendant is that the plaintiff can recover nothing because the bill of the plaintiff's expenses has not been approved by the board of health of the city of Marlborough, as provided for by St. 1902, c. 213, § 1. The court below ruled that if St. 1902, c. 213, requires the approval of the board of health of the defendant to the plaintiff's bill as a prerequisite to recovery still that statute is to be construed to act prospectively and not to affect cases where relief proceedings were undertaken before it went into effect. The presumption that the operation of a statute is to be prospective, and not to affect transactions already passed, is always to be made unless the contrary appears. *North Bridgewater Bank* v. *Copeland*, 7 Allen, 139, 140, and cases cited. *Commonwealth* v. *Sudbury*, 106 Mass. 268. *Murray* v. *Gibson*, 15 How. 421.

The only circumstance which can be urged in support of the theory that the Legislature intended that the new provisions of St. 1902, c. 213, § 1, should apply to instances in which the duty to make provision for persons ill with a disease dangerous to the public health had already arisen and either had been met or already was in course of performance is the express repeal, without a saving clause, of R. L. c. 75, § 57, by St. 1902, c. 213, § 3. But it is to be noted that § 57 did not in terms confer the right of action. As the statutory scheme stood up to March 26, 1902, the office of § 57 was to impose the duty of reimbursement upon the person infected, his parent or master, the town of his settlement or the Commonwealth, and if by the latter to direct how the bills should be approved, and impliedly to authorize the making of payments in such cases by municipalities or by the Commonwealth. If payment was not made in accordance with the duty, the right of action was given by R. L. c. 75, § 54, and this section was not repealed or changed by St. 1902, c. 213. Looking at the provisions of that

statute, we find that its first section imposes the obligation to make repayment in the same language except that the master of the infected person is not mentioned, and that all the new provisions of the section are concerned with notices to be given of the state of things requiring the expenses to be incurred, the approval by certain boards of the bills, and the determination of settlements, and that the statute nowhere says in terms that its provisions are intended to affect past transactions. We think its fair construction is as if it had said that as to cases of infection arising after March 26, 1902, the master of the infected person shall not be bound to make payment, and in the same class of cases, the notices to be given, the determination of the settlement, and the approval of the bills shall be regulated as provided in the new statute. We cannot think that it was the intention of the Legislature that the provisions of its first section, so far as they were inconsistent with or in addition to those of R. L. c. 75, § 57, should apply, except in instances where the action of the municipality to which the payment is to be made was wholly subsequent to the time when the statute took effect. When the repeal was made the obligation of the defendant was already in existence. Reading the new statute in connection with the many provisions upon the same general subject contained in R. L. c. 75, §§ 35–58, and in St. 1902, c. 206, approved on March 19, 1902, to take effect in the following month, it is impossible to think that the Legislature intended by the repeal to destroy existing obligations.

Some of the provisions of St. 1902, c. 213, § 1, are novel and the whole section is not easy of construction. It is not necessary in the present case to decide whether the approval of the bill by the board of health is a prerequisite to an action to recover and we express no opinion on that point.

*Defendant's exceptions overruled ; judgment for the plaintiff affirmed.*