ALBERT I. SIMMONS & another *vs.* ALVA P. POOLE.

Plymouth.    March 5, 1917. — May 24, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions, Rulings and instructions.    *Time.    Bills and Notes.*
    *Agency.    Evidence,* Competency, Admissions.    *Waiver.*

Before the first Monday in January, 1916, when Rule 46 of the Superior Court
    went into force, an exception to the ruling of a judge, before whom a case had
    been tried without a jury and who filed a decision in the absence of counsel, had
    to be taken within a reasonable time after notice of the decision; and what was
    a reasonable time depended upon the circumstances.

In such a case before Rule 46 was in force a judge filed in Plymouth a decision for
    a plaintiff and the clerk of courts mailed a notice of the decision to the defendant's
    counsel at Brockton, which was received on a Saturday, and thereupon the
    defendant's counsel immediately wrote to the clerk asking for a copy of the
    memorandum of decision of the judge, if there was any, and of his rulings on
    the requests for rulings, and this letter was received at the clerk's office on
    Monday, but was not answered. On Wednesday the defendant's counsel
    wrote to the clerk, that, having received no answer to his letter, he assumed
    that no memorandum had been filed, that the plaintiff's requests for rulings
    had been granted and that those of the defendant had been denied and he ex-
    cepted to such rulings. On a petition to establish the truth of exceptions it
    was *held* that the exceptions were taken within a reasonable time and that the
    bill of exceptions should be allowed.

On the petition to establish the truth of the bill of exceptions described above it
    was found by the commissioner that on the Monday, Tuesday and Wednesday
    in question the clerk and the judge were in Brockton, where the court was in
    session, and that the papers in the case were there, but that the defendant's
    counsel did not know that the papers were in Brockton, although it was assumed
    by this court that he knew that the court was sitting at Brockton, and it was
    *said,* that, if it had appeared that the defendant's counsel had known that the
    papers were in Brockton, where he lived, perhaps a different question would have
    been presented.

In the same case it was *held* that, the notice of the judge's decision having been
    sent by mail and received in due course, the time of its receipt must be taken
    as the starting point in computing the time within which the exceptions were
    taken.

In the same case, it was *pointed out* that the clerk was notified of the defendant's
    exceptions on the third secular day after the notice of the decision was received,
    and that, the period being less than a week, the intervening Sunday was ex-
    cluded in computing the time under the established rule which was applied in
    *Stevenson* v. *Donnelly,* 221 Mass. 161.

Where a judge before whom an action at law has been tried without a jury files
    a decision in favor of the plaintiff without passing on the defendant's requests

for rulings, this is a refusal of all the rulings requested by the defendant which are relevant and are inconsistent with the decision.

In an action against the indorser of a promissory note, it appeared that neither the place of payment nor the address of the maker was stated in the note so that under R. L. c. 73, § 90, cl. 3, the indorser could be held if the plaintiff proved that the note had been "presented at the usual place of business or residence" of the maker, that the maker of the note, who was a married woman, lived in a house on a county road about three and a half miles from the residence of the plaintiff and that she had a place of business on the opposite side of the road from her residence, that on the day the note was due the plaintiff went with it to the residence of the maker, going first to the front door and then to another door, knocking at both and receiving no answer, that he tried both doors and could not open them, that he did not go to the back door nor to the maker's place of business on the other side of the road, that he saw a man standing in a stable door about four hundred feet distant, an open field lying between, that the plaintiff and this man walked toward one another and met "in the midst of an open field," and that the plaintiff then demanded payment of the note of this man. There was nothing to show that the stable belonged to the maker or was used in connection with her residence or her place of business. *Held,* that the evidence failed to show diligence in demanding payment of the note by the maker, and failed also to show a demand upon the maker in person or upon her authorized agent or upon any person found at a place where presentment ought to have been made, and that the presiding judge erred in refusing to rule at the request of the defendant that "There was no presentment for payment on the proper day either at the residence or place of business of the maker of the note."

In the same case there was further evidence that more than six months before the attempted demand the man on whom the plaintiff made the demand in the middle of a field had been a great many times to the plaintiff's store to buy provisions for the maker of the note and her husband, but the plaintiff did not know the name of this man and made no effort to procure his attendance as a witness at the trial. *Held,* that this evidence did not help the plaintiff, because an agency to buy provisions more than six months earlier had no tendency to show an agency to receive a demand for the payment of a promissory note at the time in question and at a place not shown to be either the residence or the place of business of the maker.

In the same case the presiding judge, against the defendant's exception, admitted evidence that the plaintiff asked the man who came from the stable about the maker and her husband and that he answered that they had gone to Boston and would be back, he thought, about six o'clock and that he "was in charge." It was assumed that this evidence was admitted to show that the maker of the note was "absent or inaccessible" within the meaning of R. L. c. 73, § 89, cl. 4. *Held,* that the admission of this evidence was error and that the exception must be sustained, there being nothing to show that the man who made the statement had any relation to the maker of the note and such statement accordingly being mere hearsay.

In the same case it also was *held* that it could not be said that the errors at the trial in regard to the making of a demand on the maker of the note did the defendant no harm, although the plaintiff contended that a finding was justified that the requirement of such a demand had been waived, because for aught that appeared the judge might have based his finding for the plaintiff on a finding that there was a sufficient demand.

In the same case it was *said* that it was not necessary to determine whether the
evidence of a promise of the defendant to pay the note made after the note was
due showed that the promise was made under such circumstances of knowledge
of the material facts as to justify a finding that the defendant waived the
requirement of a demand upon the maker.

CONTRACT against Alva P. Poole as the indorser of the following
promissory note: .

"Westdale, Mass. Feb. 25, 1910. Six months after date I
promise to pay to A. I. Simmons & Co. or order the sum of seven
hundred and fourteen & 30/100 dollars. Value received. Evelyn
M. Davidson by Clarence E. Davidson, attorney." Indorsed in
blank "A. P. Poole." Writ in the Brockton Police Court dated
October 25, 1912.

On appeal to the Superior Court the case was tried before
*Dubuque,* J., without a jury. The plaintiffs were partners doing
business as A. I. Simmons and Company. Evelyn M. Davidson
owed them the amount stated in the note for goods sold to her.
They had no claim against the defendant for the price of the
goods. Previous to the note transaction the Davidsons had been
engaged in the business of brick making at Westdale, a part of
East Bridgewater, carried on in the name of Evelyn M. Davidson.
The evidence, so far as material, is described in the opinion. At
the close of the evidence the defendant presented the following re-
quests for rulings:

"1. On all the evidence the plaintiffs cannot recover.

"2. There was no presentment for payment on the proper day
either at the residence or place of business of the maker of the note.

"3. If presentment for payment was not duly made, there was
no waiver of lack of due presentment for payment, because the
defendant was not fully informed of the circumstances at the time
of the conversations with the plaintiffs.

"4. To constitute a waiver either of lack of presentment or
lack of due notice of dishonor, there must have been an unequivocal
promise of payment by the defendant out of his personal funds."

"6. On the evidence it cannot be found that the defendant
waived any failure to give notice of dishonor at the proper time.

"7. The burden of proof is on the plaintiffs to establish that
notice of dishonor was duly sent to the defendant as indorser."

During the course of the trial the judge had made the following

statement: "If an indorser is interested under the negotiable instruments act, as I understand it — if the indorser is interested in the subject matter of it, then he is not entitled to any notice."

The judge reserved his decision, and later filed the following finding: "Judgment for plaintiffs for $936.97." No memorandum of decision was filed and there was no action on the rulings requested by the parties.

The facts in regard to the defendant's exceptions are stated in the opinion.

The judge filed the following "Memorandum as to saving exceptions:"

"I find the facts as follows: The case was heard by me without a jury; my finding for the plaintiffs was filed in court, November 5, 1915; the defendant was notified of the finding the same day, November 5, 1915, by a letter mailed at Plymouth at 5.30 P.M.; the next day, November 6, 1915, the defendant wrote to the clerk to inquire about a memorandum, and was not notified by the latter that no judge's memorandum had been filed. On November 10, 1915, the defendant wrote to the clerk that he excepted. I find and rule that the defendant's exceptions were not saved (as to requests for rulings previous to the finding) within a reasonable time. This does not apply to such exceptions as were saved during the course of the trial before me. As to these the defendant filed a bill of exceptions within the time extended for filing bill of exceptions after the finding, and therefore in due time."

The defendant filed a petition to prove the truth of exceptions which he contended that the judge either had disallowed or had failed to allow. By this petition the defendant sought to have his original bill of exceptions allowed as filed and thus bring all his exceptions to this court by one bill.

The petition was referred to a commissioner and came before this court upon the commissioner's report, whose findings so far as material are stated in the opinion.

The case was submitted on briefs.

*H. F. Parker,* for the defendant.

*E. A. MacMaster, D. R. Coughlan & W. J. Coughlan,* for the plaintiffs.

RUGG, C. J. This is a petition to establish exceptions. The relevant facts are that the case was tried before a judge of the

Superior Court sitting without a jury. Both the plaintiffs and the defendant, who is the petitioner, seasonably presented requests for rulings of law. The decision was not rendered at the time of the trial, but later a simple finding for the plaintiffs for a stated sum was filed. The clerk of courts mailed from Plymouth, the county seat, at five thirty P.M. of Friday, November 5, 1915, a notice of the finding. This was received by the defendant's attorney at Brockton on Saturday, November 6, who immediately wrote to the clerk asking for a copy of the memorandum of decision, if any, filed by the judge, and of his rulings upon the requests for rulings. This letter was received at the clerk's office on Monday, November 8. No reply was made. On November 10, Wednesday, the defendant's attorney wrote to the clerk in effect that he assumed, having received no answer to his letter of November 6, that no memorandum had been filed and that the plaintiffs' requests for rulings had been granted and those of the defendant denied, and saving exceptions thereto. No memorandum of decision was filed by the judge. The commissioner has found that on Monday, Tuesday and Wednesday, November 8, 9 and 10, the clerk and the judge were at Brockton, the court being in session, and that the defendant's counsel made no attempt to communicate with the clerk or the judge. There is no finding by the commissioner that the defendant's counsel knew that the court was sitting at Brockton, but we assume in favor of the plaintiffs that he did. It is found that he did not know that the papers were in Brockton.

At the time these events occurred, there having been then no rule of court touching the subject, exception must have been taken within a reasonable time to a ruling made in the absence of counsel in connection with the trial of a case before a judge without a jury. *Hurley* v. *Boston Elevated Railway*, 213 Mass. 192. What is a reasonable time must depend upon the circumstances. In the case at bar, since the notice of the decision was sent by mail and was received in due course, the time of its receipt must be taken as the starting point. That point of time is indicated by R. L. c. 173, § 106, and St. 1911, c. 212. There is nothing to show that notices were not usually sent. Since a bald notice of decision only was sent, it was proper and doubtless necessary for the defendant's attorney to ascertain whether the judge had

made any finding of facts. It might have been that a finding of facts made by the judge would have rendered the exceptions valueless. Since the notice of decision had been sent by mail, and since the residence and office of the defendant's attorney was at a considerable distance from the county seat, this inquiry properly might have been made by mail. Notice of exceptions was given as soon as a reply would have been received if one had been made by the clerk in due course of mail. It actually was given on the third secular day after receipt of the notice of decision. In computing this time, since the period is less than a week, the intervening Sunday is excluded. *Stevenson* v. *Donnelly,* 221 Mass. 161. Under these circumstances the exception was saved within a reasonable time. The attorney acted as promptly as was to be expected in view of the course of the mail. If it appeared that he had known that the papers were in Brockton, where he lived, perhaps a different question would be presented. This conclusion is in analogy to the present rule of court. It is provided now by Rule 46 of the Superior Court Common Law Rules in force beginning with the first Monday in January, 1916, that exceptions to a ruling made in the absence of counsel in cases tried by a judge without a jury shall be saved by filing in the clerk's office a written statement that exception is taken within three days after the receipt of notice of the adverse ruling. The exceptions are established on the facts found by the commissioner.

The making of a decision in favor of the plaintiffs, without passing upon the defendant's requests for rulings, was a denial of all such requests as were relevant and inconsistent with the decision. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18, 19.

The action is by the holders against the indorser to recover the amount of the face of a promissory note given on time. The second of the requests of the defendant thus denied was that "There was no presentment for payment on the proper day either at the residence or place of business of the maker of the note." In order to recover of the indorser it was necessary for the plaintiffs to prove that demand of payment was made upon the maker on the day of maturity of the note. It is not contended that the case is within the exceptions mentioned in R. L. c. 73, § 132. Neither the place of payment nor the address of the maker was

stated in the note. Therefore, by R. L. c. 73, § 90, cl. 3, it would have been enough if the instrument had been "presented at the usual place of business or residence" of the maker. The substance of the evidence on this point was that, on the day of the maturity of the note, the plaintiffs went after dinner to the front door and then to another door of the residence of the maker, knocked and received no answer, and tried both doors, but could not open them; they did not go to the back door of the house, nor to the maker's place of business, which was nearby on the other side of the street, nor to any other building; that they did not see the maker; that, after trying the two doors, they came round the corner of the house and they saw a man standing in a stable door; that the distance between the house and stable was about four hundred feet, an open field lying between. The man and the plaintiffs walked toward each other and they met "in the midst of an open field." Demand was made on this man. This was no demand upon the maker of the note. There is nothing to show that the stable belonged to the maker or was used in connection with her residence or her place of business. For aught that appears, it might have belonged to another person and been used in connection with another estate. The same is true of the open field where the conversation took place. The demand was not made either at the residence or place of business of the maker. The circumstance that confessedly the place of business of the maker, which was across the street, was not visited for the purpose of making demand, is significant. The maker lived about three and a half miles from the holders, in a place called Westdale in the town of East Bridgewater. This evidence does not show due diligence in making a demand. *Porter* v. *Judson,* 1 Gray, 175. *Demond* v. *Burnham,* 133 Mass. 339. It fails also to show demand upon the maker in person or upon her authorized agent, or upon any person found at a place where presentment ought to have been made. See *Granite Bank* v. *Ayers,* 16 Pick. 392; *Bank of United States* v. *Corcoran,* 2 Pet. 121; *Adams* v. *Wright,* 14 Wis. 408.

The case is not aided on this point by the further evidence that, before the date of the note, which was six months before the attempted demand, "this man had been a great many times" to the store of the plaintiffs "to buy provisions for the Davidsons,"

(one of whom was the maker of the note) but the plaintiffs did not know his name and made no effort to procure his attendance as a witness at the trial.  An agency to buy provisions more than six months earlier had no tendency to show agency for receiving demand of payment on a promissory note at the time in question at a place not shown to be either the residence or place of business of the maker.

Evidence was admitted against the exception of the defendant to the effect that the plaintiffs asked the man who came from the stable about the Davidsons and he answered that Mr. and Mrs. Davidson had gone to Boston and would be back, he thought, about six o'clock, and that he "was in charge."  This evidence doubtless was admitted to show that the maker of the note was "absent or inaccessible" within R. L. c. 73, § 89, cl. 4.  But it was not competent for this purpose.  The man's bald assertion made out of court and in the maker's absence that he was acting as agent for the maker, ought not to have been received.  *Haney* v. *Donnelly*, 12 Gray, 361.  That being out of the case, there was nothing to show that he had any relation to the maker.  While his own testimony, if called as a witness, might have been competent to show where the maker was, the repetition in court of what he said was the merest hearsay.

It cannot be said that these errors of law did the defendant no harm.  For aught that appears, the judge may have found that there was a sufficient demand, since he denied a request for the second ruling, which was a correct statement of the law.

It is not necessary to determine whether the evidence of a promise to pay made by the defendant after the due day of the note, *Glidden* v. *Chamberlin*, 167 Mass. 486, 494, showed that the promise was made under such circumstances of knowledge of the material facts as to justify a finding of waiver of demand.  *Parks* v. *Smith*, 155 Mass. 26, 33.  No finding was made upon this point and the evidence may not be the same at another trial.

The other questions argued need not be considered.

*Petition for establishment of exceptions allowed.*
*Exceptions sustained.*