AMERICAN CONGREGATIONAL ASSOCIATION *vs.* EDWIN HALE ABBOT.

Suffolk. March 18, 1925. — May 22, 1925.

Present: RUGG, C.J., PIERCE, CROSBY, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Agreed statement of facts, Finding by judge, Requests, rulings and instructions, Exceptions. *Corporation,* Officers and agents. *Landlord and Tenant.*

A judge without a jury heard an action of contract upon an agreed statement of facts. The defendant filed requests for rulings. The judge found for the plaintiff without indicating what action he took upon the defendant's requests, and filed an "Order of Report," which purported to report the case to this court for its determination, without mention of the rulings requested or of the disposition made of them. The defendant alleged exceptions "to the refusal by the court of the rulings requested by the defendant and numbered . . . , to the rulings given, and to the findings and to the refusals to find and rule as requested." *Held, that*

(1) The judge's decision was a denial of all such requests as were relevant and inconsistent therewith;

(2) If, on the agreed statement of facts and on any inference or in-

ferences proper as matter of law to be drawn therefrom, the finding for the plaintiff was warranted, the exceptions must be overruled and judgment must be entered for the plaintiff.

The action above described was upon an account annexed for rent of an office in a building owned by a corporation whose constitution and by-laws provided for a corresponding and recording secretary, for a board of directors, whose secretary was the secretary of the corporation, and for a house committee of the board who "shall have general charge and supervision of the . . . [building], including the letting and leasing thereof." At the time covered by the account annexed, the defendant contended that he was in possession under a renewal of a lease in writing signed in the name of the corporation by one who was its secretary. The rent under the lease was less than the plaintiff claimed in this action. The alleged lease was for a ten year period, which had expired before the period covered by the account annexed, and contained the term, "with the privilege of renewal for an additional term of ten years." When it was presented to the defendant, who was a man of extended business discernment and of very wide knowledge and experience in legal matters, he objected to its not being for twenty years, and the secretary, who was a clergyman and his personal friend, expressed it as his opinion that the defendant might exercise his option to renew any time. The defendant thereupon orally stated that he then exercised his option and further stated that he should now consider the document as a twenty year lease. There was no other act of renewal of the lease. There was no express authority for the acts of the secretary. The secretary reported to the house committee that the defendant was a tenant, but there was no evidence that the terms of the lease and the facts as to the purported renewal came to their attention until some time after the expiration of the original term of the lease when they were considering increasing the rate of rent. *Held*, that

(1) The position of secretary of the corporation in itself did not confer any authority upon the holder of that office to sell, demise, or otherwise dispose of its property;

(2) The judge was not required as matter of law to infer authorization of the acts of the secretary, either as to the making of the lease or as to its renewal, from the fact that the house committee knew that the defendant was a tenant;

(3) It must be assumed that the judge found that the secretary was without authority to execute the lease in the name of the corporation;

(4) The finding for the plaintiff was warranted by the agreed facts, and contrary inferences and findings were not required as matter of law.

(5) The defendant's exceptions were overruled and judgment for the plaintiff on the finding by the judge was ordered.

CONTRACT upon an account annexed for $648.04, alleged to be due for rent of rooms at 14 Beacon Street in Boston, with interest. Writ dated May 3, 1921.

In the Superior Court, the action was heard by *Irwin*, J., without a jury, upon an agreed statement of facts. Material

facts and proceedings relating to requests by the defendant for rulings are described in the opinion.  The judge found for the plaintiff and filed the order for a report described in the opinion.  The defendant alleged exceptions.

*E. H. Abbot, Jr.*, for the defendant.

*E. V. Grabill*, for the plaintiff, submitted a brief.

PIERCE, J.   This is an action of contract, upon an account annexed, to recover $648.04 and interest, which is the balance alleged to be due as rent for rooms 603 and 604 in the office building of the plaintiff numbered 14 Beacon Street, Boston, for the period from May 1, 1920, until May 1, 1921.

The case was heard by a judge of the Superior Court, without a jury, upon an agreed statement of facts, which provided that the court should have liberty to draw inferences of fact therefrom and that all questions of pleading were expressly waived.   No evidence was introduced at the trial except two duplicate original leases, dated November 1, 1901, which purport to demise to the defendant the rooms in question for a term of ten years with the privilege of renewal for an additional ten years.   It is conceded the defendant paid the rental and additional charges named in the lease for the period in question, neither party to be prejudiced by any payment or receipt made or given after May 1, 1920.

In March, 1920, the defendant, in possession of the premises described in the declaration, was notified in writing by the finance and house committees that it was necessary further to increase the rate of rental beginning May 1, 1920; thereupon the defendant refused to pay the rent fixed by the notice to him, and stated that he refused to acknowledge any right on the part of the plaintiff to treat him as a tenant at will or to claim any other rent than that named in the lease. The sum claimed in this action is the difference between the rental named in the lease and the higher rental demanded.

At the hearing the defendant seasonably requested the judge to make certain requests for rulings, the first two of which in substance are requests for a finding for the defendant.   The judge found for the plaintiff, without indicating what disposition he made of the rulings requested.   This decision was a denial of all such requests as were relevant

and inconsistent therewith. *John Hetherington & Son, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18, 19. *Simmons* v. *Poole,* 227 Mass. 29, 34. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460. On the same day the judge filed an "Order of Report," which purported to report the case to this court for its determination, without mention of the rulings requested or of the disposition made of them. The defendant seasonably filed exceptions "to the refusal by the court of the rulings requested by the defendant and numbered . . . , to the rulings given, and to the findings and to the refusals to find and rule as requested." The requests for rulings were proper and afforded the only means of bringing before this court the question whether the judge as a matter of law, on the agreed facts, should have found the requested inferential facts. *Rand* v. *Hanson,* 154 Mass. 87, 91. *Haverhill* v. *Marlborough,* 187 Mass. 150, 152. If, on the agreed statement of facts and on any inference or inferences proper as matter of law to be drawn therefrom, the finding for the plaintiff was warranted, the exceptions must be overruled and judgment must be entered for the plaintiff. *Hecht* v. *Batcheller,* 147 Mass. 335, 339. *Boston Lodge Order of Elks* v. *Boston,* 217 Mass. 176. *Timberlake* v. *United Order of the Golden Cross,* 208 Mass. 411.

The agreed facts concisely stated are that the plaintiff is a religious charitable corporation which on November 1, 1901, was, and continuously since has been, the owner of an office building located at No. 14 Beacon Street, Boston, Massachusetts. Under its constitution, article IV, its officers consisted of a president, two vice-presidents, "a Corresponding and Recording Secretary — who shall be sworn to the faithful performance of his duties, and also act as Secretary of the Board of Directors" — a librarian, a treasurer, and assistant treasurer, an auditor, and a board of directors. Under the by-laws, II, the directors are required to choose a chairman, a finance committee, a library committee, and a house committee. "The Finance Committee, subject to the approval of the Board of Directors, shall have the control and disposal of all moneys belonging to the Association. . . . The House Committee shall have general charge and

supervision of the Congregational House, including the letting and leasing thereof, and, . . . subject to the approval of the Finance Committee, shall fix the amount . . . of the rentals to be charged to the tenants."

On November 1, 1901, the defendant, a man of extended business discernment and of very wide knowledge and experience in legal matters, had negotiations with his friend of long standing (the Reverend Joshua Coit, D.D.), then secretary of the plaintiff corporation and of the house committee, relative to a lease of rooms 603 and 604 in the said Congregational House.  The defendant asked for a lease of twenty years.  Coit presented to him unsigned a lease, which was exhibited as a part of the agreement of facts. It was drawn on a printed form, all written portions thereof, excepting the signature of the defendant, being in the handwriting of Coit.   The defendant, noticing the phrase in the handwriting of Coit that it was "for the term of ten years beginning with the first day of November, A. D. 1901, with the privilege of renewal for an additional term of ten years," objected to that description of the term of the lease and asked Coit to draw a lease making the term twenty years. Coit thereupon called the defendant's attention to the wording of the term "with the privilege of renewal for an additional term of ten years," stated, as his opinion that these words were in no wise limited to any particular time for the exercise of the privilege and that the defendant could exercise the privilege whenever he pleased, and suggested that in his opinion it was unnecessary to redraw the lease. In reliance upon the expressed opinion of Coit relating to the construction of the proposed lease, the defendant thereupon executed it in duplicate and Coit signed his name under the printed words "American Congregational Association" and above the word "Secretary."  The defendant then immediately said to Coit that he chose then and there to exercise the said privilege of renewal for an additional term of ten years, and further stated that he should now consider the document as a twenty year lease.  Coit said that in his opinion, as they both understood the matter alike, there was no need of writing the lease over again.  No other

action relating to the exercise of the renewal privilege was taken by the defendant or by the plaintiff at the conclusion of the ten year period stated in the lease. No other instrument relating to the letting of the premises or relating to his tenancy thereof ever was executed by the defendant or plaintiff and all negotiations relating to the creation of the tenancy were between the defendant and Coit.

The defendant entered into possession of the premises described in the instrument on November 1, 1901, and continued in occupancy thereof until the latter part of April, 1921. Bills in the ordinary form of rent receipts, without reference to the lease, were given the defendant, and as rendered were paid by him from November, 1901, to and including October 31, 1916. The fact that the defendant was a tenant was reported by Coit to the treasurer and to the house committee of the board of directors. The duplicate original of the instrument above described remained always in the files of the secretary. "There is no evidence as to whether said document, or the nature of the defendant's tenancy, or the character of the negotiations between said Coit and the defendant, or the conversations between said Coit and the defendant were brought to the attention of the board or of the house committee thereof prior to December, 1916." Coit and all members of the house committee living when the instrument was executed had deceased prior to December, 1916.

The instrument denominated as the lease was called to the attention of the house committee on December 21, 1916, and to the attention of the board of directors on March 19, 1917. On March 19, 1917, the directors voted to raise the schedule of rates throughout the building, and in accordance with this vote the defendant was notified that beginning with March 31, 1917, and until further notice his rent would be at a rate stated in the notice. The defendant denied the right of the plaintiff to increase the rent beyond that named in the lease, but stated in substance that he would pay it temporarily under the extraordinary circumstances arising out of the World War; and thereafter he paid such rent up to and including April 30, 1920, and received the receipts

of the treasurer of the corporation "for one month's rent and care of rooms in the Congregational House"; the receipts being in like form to those given and received from 1901 until 1916.

The first question for decision obviously is, Was the judge, on the agreed facts, bound to instruct himself that Coit as a matter of law was the agent of the house committee, with power to demise the premises for a period of ten years with the privilege of renewal for an additional term of ten years? Through his election under the constitution of the plaintiff corporation, Coit was secretary of the board of directors and of the house committee of that board. The by-laws placed the power of letting and leasing the premises of the plaintiff in the house committee, subject to the approval of the rentals by the finance committee. "Previous to December 21, 1916, there was no vote of the plaintiff's house committee, finance committee, board of directors, or of the corporation, relating to the making or accepting of a lease or a lease agreement or a renewal of lease of the real estate above described, or any part thereof." It is indisputable that the position of secretary in a corporation does not in itself confer any authority upon the holder of the office to sell, demise, or otherwise dispose of its property. In the absence of any vote of the directors or of any committee of the board of directors conferring authority upon the secretary, Coit, to act for it in the premises, we do not think an authorization to the secretary to make a lease to the defendant must be inferred as matter of law from the fact that the house committee knew that the defendant was a tenant, much less that the secretary had in fact executed a lease with a privilege of renewal.

Finding, as we assume the judge did find, that Coit was without authority to execute the lease in the name of the corporation, the requests for instructions become immaterial. It follows that the finding for the plaintiff is warranted by the agreed facts, and that contrary inferences and findings are not required as matter of law.

*Exceptions overruled.*
*Judgment for the plaintiff on the finding.*