MASON D. BRYANT *vs.* JOHN P. NOLIN & another.

Middlesex.    November 10, 1927.— November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* What constitutes, Implied. *Physician. Municipal Corporations,* Officers and agents. *Health, Board of.*

At the trial of an action of contract by a physician in a town against the parents of a child for services rendered in giving the child anti-rabic treatment following a bite by a dog which was found to have been afflicted with rabies, it appeared that, after the boy was bitten and the dog was killed, the chairman of the board of health of the town asked the plaintiff, who was the town physician, to "look into the case." The plaintiff examined the child, found an abrasion on the leg that might have been caused from a bite of a dog, and the skin sufficiently broken to allow infection to enter. The plaintiff explained to the defendants the possibility of rabies resulting in the child, and the necessity for anti-rabic treatment. The defendants permitted the treatment to be given, but with the expectation that it would be paid for by the town and "that they would in no event be called upon to pay for it." A verdict for the defendants was ordered. *Held,* that the evidence did not warrant a finding of either an express or an implied contract by the defendants to pay for the plaintiff's services, and that the verdict properly was ordered.

CONTRACT by a physician for services alleged to have been rendered to the defendants in the treatment of their son. Writ dated January 5, 1925.

In the Superior Court, the action was tried before *Hammond,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendants. The plaintiff alleged exceptions.

*W. W. Fox,* for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

PIERCE, J. This is an action of contract, wherein the plaintiff seeks to recover from the defendants for medical services rendered their minor child.

In December, 1922, a dog bit the defendants' nine year old boy. When killed and examined, the dog was found to have a disease known as rabies. The chairman of the board

of health of the town of Dracut requested the plaintiff, then town physician, to "look into the case." The plaintiff examined the child, found an abrasion on the leg that might have been caused from a bite of a dog, and the skin sufficiently broken to allow infection to enter. The plaintiff explained to the defendants the possibility of rabies resulting in the child, and the necessity for anti-rabic treatment. The defendants permitted the treatment to be given, but with the expectation that it would be paid for by the town and "that they would in no event be called upon to pay for it." At the trial it was agreed that "rabies" and "dog-bite requiring anti-rabic treatment" were diseases dangerous to the public health and had been so defined by the department of public health. After the services charged for in the case had been rendered, the plaintiff enquired of the Dracut board of health whether this was a town case, and whether the charge should be made against the town. The chairman informed him that inasmuch as the defendants were not paupers but had property and were able to pay, the charge should not be made against the town. At the close of the evidence the trial judge directed a verdict for the defendants. The case is before this court on exceptions taken by the plaintiff to the direction thus made.

The order was clearly right. There was no express contract, and no contract was implied in fact or in law, to pay the plaintiff for the services rendered in the circumstances disclosed. Assuming the physician rendered services outside the terms of his employment as town physician to the board of health, and further assuming that such services were reasonably required by the board of health in making the provisions required by law for persons infected with a disease dangerous to the public health, the town was obligated to pay to the plaintiff the reasonable value of the services rendered at the request or at the direction of the board of health, and had a remedy over against the defendants if they were able to pay. G. L. c. 111, § 116. *Haverhill* v. *Marlborough*, 187 Mass. 150.

*Exceptions overruled.*