FRANCES BANKOFF *vs.* COLEMAN BROS., INCORPORATED.

Suffolk.        January 4, 1939. --- January 9, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Practice, Civil,* Requests, rulings and instructions; Exceptions: what is subject to exception, what questions open; New trial.

Failure of a judge sitting without jury to pass upon requests for rulings which were relevant and inconsistent with his findings was an implied refusal thereof which gave the requesting party the same right of exception as though they had been expressly refused; and that party could not as of right raise the questions involved in the requests upon a motion for new trial or have them reviewed upon exception to the denial of the motion.

CONTRACT OR TORT. Writ in the Municipal Court of the City of Boston dated December 5, 1934.

On removal to the Superior Court, the action was heard by *Greenhalge,* J.

*S. C. Brackett,* for the defendant.

*J. H. Soble,* (*S. A. Aisner* with him,) for the plaintiff.

FIELD, C.J. This action of contract was tried before a judge of the Superior Court sitting without a jury. At the close of the evidence the defendant presented to the judge requests for rulings. The judge "examined them but did not pass on them or make any rulings of law at that time." He reserved his decision upon the case. Thereafter he filed with the clerk a finding for the plaintiff and specific findings of fact. At no time did he file any rulings of law or pass specifically upon the defendant's requests for

rulings of law.  Three days after the findings were filed the defendant filed a motion for a new trial based on the ground that by the "neglect or refusal" of the judge to pass on the requests for rulings the defendant was deprived of its right "to file proper exceptions to any rulings of law of said presiding justice which may be adverse to the defendant, and to have the law applicable to the case determined by the Supreme Judicial Court."  The motion was denied and the defendant excepted.

The defendant was not deprived of its right to take exceptions for the preservation of its right to a review of questions of law raised by the requests for rulings.  The failure of the judge to pass upon these requests was an implied denial of all requested rulings which were relevant and inconsistent with the findings.  *American Congregational Association* v. *Abbot*, 252 Mass. 535, 537–538.  *Kravetz* v. *Lipofsky*, 294 Mass. 80, 84.  Some, if not all, of the requested rulings were relevant and inconsistent with the findings.  The defendant could have excepted to the implied denial of these rulings.  *Hurley* v. *Boston Elevated Railway*, 213 Mass. 192.  *Simmons* v. *Poole*, 227 Mass. 29.  *Schmoll Fils & Co. Inc.* v. *S. L. Agoos Tanning Co.* 256 Mass. 195, 200.  See also *Sullivan* v. *Roche*, 257 Mass. 166, 169.  Rule 72 of the Superior Court (1932).  In this respect the defendant was in the same position as if the requested rulings had been expressly denied.  *Jasuikiewicz* v. *Wright*, 288 Mass. 63, 65.  Since the defendant had full opportunity to except to the implied denial of its requests for rulings presented at the trial, and thus to preserve its right to a review of the questions raised thereby, it was not entitled as of right to raise these questions anew upon a motion for a new trial and have them reviewed on exception to the denial of such motion.  *Ryan* v. *Hickey*, 240 Mass. 46, 47–48.  *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24–25.  *Vengrow* v. *Grimes*, 274 Mass. 278, 279–280.  The motion for a new trial, therefore, was addressed to the discretion of the judge, and nothing in the record shows any abuse of discretion in denying the motion.

*Exceptions overruled.*