Rollins, J.
This is an action of tort to recover for personal injuries alleged to have been sustained by the plaintiff because of the negligent operation of an express truck of the defendant.
The evidence tended to show the following facts:
The plaintiff was driving a motor vehicle northerly on North Montello Street, Brockton, about 5:20 P. M. on March 1, 1940. The day was fair and the road dry. The plaintiff intended to make a left turn into .Charles Street. There is a slight down grade on Montello Street as it nears the intersection of Charles Street. As the plaintiff approached this intersection he stopped his automobile to await an opportunity to make his left turn and pass through a stream of south bound traffic. He was at a stop for at least a minute. When an opportunity came to pass through *242 this stream of traffic he released his brakes and was about to begin his left turn when his car was struck in the rear by the defendant’s truck and he sustained the bodily injuries complained of. There was also evidence to the effect that just prior to the intersection there were banks of snow on the sides on North Montello Street, that the snow had melted, run onto the street and frozen, forming a thin sheet of ice about twenty-five feet in length just prior to the intersection. This last evidence was contradicted. There was further evidence that the driver of the defendant ’s truck, when he was about one hundred feet from the intersection, saw the plaintiff’s car stopped there, that .when he was about fifty feet from the plaintiff he applied his brakes and slowed down until he reached the slight down grade when he began to skid forward on the icy spot on the road, that he then further applied his brakes until his wheels were locked but continued to “skid” forward until he struck the plaintiff’s car, that he did not see the icy place on the road until he was on it.
The defendant seasonably filed six requests for rulings. The trial judge denied requests numbered 1, 3, 4 and 5 and acted on request numbered 2 as later set forth. No appeal was claimed from the action of the judge on request numbered 6 and that is not before us.
The court found for the plaintiff and assessed his damages at $250.
The ruling on the first request was correct. It is enough to say that there was evidence which, if believed, would have warranted a finding that the defendant was negligent. The denial of the third, fourth and fifth requests was correct. These requests present no questions of law. They were requests for findings of fact.
*243 The real issue in this case arises from the defendant’s second request and the court’s action thereon. It is as follows:
' “The mere skidding of the defendant’s car was not an occurrence of such uncommon or unusual character, that, unexplained, it furnished evidence of the defendant’s negligence.”
This request was proper. See Lambert v. Railway Co., 240 Mass. 495, 499.
Upon this request the trial judge ruled “correct as a statement of law. ’ ’ He made no findings of fact. The above ruling is not, categorically, an allowance or a denial of this request. We interpret the court’s action on this request as if he had ruled “The request is a correct statement of law, but is denied as inapplicable to the facts found by me”. It is not an allowance of the request. If the court had intended to allow it he could, and naturally would have ruled, merely “allowed”. Any request not granted is deemed denied. Bankoff v. Coleman Bros., 302 Mass. 122.
The above action on the second request constitutes prejudicial error. Rule 27 of the 1940 Ed. of the Rules of District Courts, effective at the date of this trial provides in part, “Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from, special findings filed”. The court violated this rule. Such violation constitutes prejudicial error. Himelfarb v. Novadel Agene Corp., Mass. Adv. Sh. *244 (1940) 499, 500; Barry v. Sparks, Mass. Adv. Sh. (1940) 797, 802.
The failure to make findings of fact as required by Rule 27, cannot, be cured by inferences to be drawn from the general finding for the plaintiff. Home Savings Bank v. Savransky, Mass. Adv. Sh. (1940) 2115, 2117.
The finding for the plaintiff is to be vacated and the case is to stand for a new trial.