MAPES, RYAN, & Co., *against* NEWMAN AND POLLOCK.

ERROR *to Franklin Circuit Court.*

Where a petition in debt states the instrument sued on, to be a writing obligatory, a demurrer admits this averment to be true.

If two persons sign with one seal, they are held both to have sealed the instrument.

An averment that two defendants executed and sealed an instrument, signed thus, "*J. H. Newman and P. Pollock,*" so far from showing them to be partners, expressly disproves the fact.

This was a suit by petition and summons, brought against Newman and Presley Pollock. Service was had on Newman alone. At the return term, Newman demurred to the petition, for variance between the writ and petition, and because the writing was described as a writing obligatory, when it was a promissory note, and as the bond of John H. Newman and Presley Pollock, under the style of " John H. Newman and P. Pollock," showing each other partners, and that partners cannot bind each other under seal without special authority to do so. The demurrer was sustained.

The petition stated that the plaintiffs were the legal owners of a writing obligatory, (sometimes called a bill,) against the defendants John H. Newman and Presley Pollock, executed by the said Newman and Pollock, by the style and description of John H. Newman, P. Pollock, to the following effect:

$747 92. NAPOLEON, Mo. ARKANSAS,

10 *June,* 1827.

One day after date, for value received, we promise to pay to Mapes, Ryan, & Co·, or order, seven hundred and fifty-seven dollars and ninety-two cents. John H. Newman, P. Pollock, [seal.]

PIKE, for plaintiff in error :

The question is, whether the demurrer was properly sustained. Let us examine each ground of demurrer.

First: Variance between the writ and petition. This can be no ground of demurrer. A demurrer is a plea to the action. There never was any method of taking advantage of such a variance except by plea in abatement, and then only after oyer of the writ. Certainly it was never before imagined that any such variance could be taken advantage of by demurrer, which is an appearance to the action.

Second: That the writing is described as a writing obligatory, when it is a promissory note.

When this writing was executed, a scrawl, without any words in the body of the instrument, such as " in witness whereof," &c., made a sealed instrument. It is also a well settled *principie* that where two persons sign an instrument, but with only one seal, it is a sealed instrument as to both.

The petition states this instrument to have been executed by both Newman and Pollock—and the names of both are prefixed to the seal. The demurrer admits the averment that they both executed it, to be true—and if both signed it, it is the sealed instrument of both.

The demurrer also states that the petition shows the writing to have been signed by Newman and Pollock, by their style and description of " John H. Newman, P. Pollock," *showing* them partners. There is no averment that they are partners, nor can the petition be construed to mean any thing of the kind. The averments of the petition are that *both* executed it—and the phrase, " by their style and description" is merely intended to show in what manner each signed his name. Had it been " *by their respective* styles and descriptions," it would have been better, but that is manifestly its meaning.

There being nothing in the petition showing that they were partners, if the persons signing with but one seal, are both held to have *sealed* the instrument, the petition is every way sufficient. That such is the law, see *Hurlstone on Bonds* 7; *Shep. Touch.* 55; *Com. Dig. Fait,* (*A.*) 2; *Ball vs. Dunsterville,* 4 *T. R.* 313; *Elliott vs. Davis,* 2 *Bos. and Pul.* 338.

DICKINSON, *Judge,* delivered the opinion of the court:

At the time the instrument was executed, a scrawl, without any words in the body of it, was sufficient to make it a valid instrument. The de-

murrer admits the facts to be true, as set out in the petition. The averment is that it was a writing obligatory, and of course a sealed instrument. It was sealed as to both of the obligors, although there was but one scrawl attached to it. By signing it and placing after both their names one seal, it became valid as to both, to all intents and purposes. And so the petition alleges it to be, and the writ corresponds with the allegation.

If two persons sign with one seal, both are held to have sealed the instrument. The petition is, therefore, every way sufficient; and this position is fully sustained in *Hurlstone on Bonds* 7; *Shep. Touch.* 55; *Com. Dig. Fait (A.)* 2; *Ball vs. Dunsterville,* 4 *T. R.* 313; *Elliott vs. Davis,* 2 *Bos. and Pul.* 338. It is said the defendants were partners, and therefore, they had no right to bind each other by a sealed instrument. There is no averment in the petition that they are partners. The statement that they executed it by the style and description of J. H. Newman and P. Pollock, so far from showing them to be partners, expressly disproves that fact. The court below therefore erred in sustaining the demurrer, and its judgment must be reversed with costs.