GEORGE REEVES, Appellant, *v.* TRUEMAN ELDRIDG, Appellee.

APPEAL FROM WARREN.

Where a case is referred by order of court to arbitrators, who by the order were directed to seal their award and file it in court, etc., and the clerk swore the arbitrators, and notified them to take upon themselves a general submission, which they did, of all matters; Held, that the arbitrators were only a special tribunal for the matters litigated by that suit, that they should have notified both parties of the time and place of hearing, and that the award was bad.

THE facts of this case are fully stated in the opinion of the Chief Justice. The cause was heard before THOMPSON, Judge, at March term, 1857, of the Warren Circuit Court.

GOUDY & JUDD, for Appellant.

PAINE & WEAD, for Appellee.

CATON, C. J.   The appellee sued the appellant, in the Warren Circuit Court, in assumpsit, counting on a special contract in writing, by which Reeves agreed to build a house for Eldridg, and an account for building materials, money, labor, etc. Declaration was filed 31st March, 1856 ; no pleas filed.

At the September term, 1856, by the consent of the parties, the cause was referred to Thompson Brooks, A. S. Smith, and William Ward, as arbitrators, for their adjudication, with the order, that they should seal up their award and file it in that court by the first day of the next term, and the cause was continued.

At the March term, 1857, the plaintiff entered a motion for judgment on the award.   In support of the motion an order was offered in evidence, dated 16th September, 1856, under the seal of the court, directed to the arbitrators, notifying them of their appointment, and directing them to "hear and determine, at such time as you may deem proper, upon all matters and dealings between said parties, but particularly the cause of action between the said parties pending in said court."

The plaintiff further offered the following oath and award, to wit:

STATE OF ILLINOIS, } ss :
    WARREN COUNTY,   }          Personally appeared before me, Thompson Brooks, A. S. Smith, and William Ward, Esqs., each of whom took an oath to faithfully and impartially arbitrate upon all matters and differences between Truman Eldridg and George Reeves, and more particularly concerning a contract to build a house by said Reeves for said Eldridg, and an award make therein to the best of their understanding and ability.

THOMPSON BROOKS,
WM. W. WARD,
A. S. SMITH.

Subscribed and sworn to, this 17th day of Sep- }
tember, A. D. 1856.   ABRAM CRISSEY, *J. P.* }

STATE OF ILLINOIS, } ss :
    WARREN COUNTY,   }          The undersigned, arbitrators in the cause of Truman Eldridg v. George Reeves, having been duly sworn, and having, as required by their oaths, determined the cause submitted, do hereby award and decide herein as follows :  We find for the plaintiff, Truman Eldridg, five hundred and twenty-six dollars and seventy cents ; and we, having delivered to each party a copy hereof, ask to be discharged herein, with our cost.

Given under our hands and seals, this 17th day of September, A. D. 1856.

A. S. SMITH,      [L. S.]
THOMPSON BROOKS,
WM. W. WARD.

Both the papers were delivered to the clerk, open and not sealed up, and by him filed, September 27, 1856, and were read in evidence, without objection, on the hearing of this motion,

which was for judgment on the award. There was also proof of notice of the motion, and this was all the evidence. The court sustained the motion and rendered judgment on the award.

There are several fatal objections to this judgment. In the first place, nothing was submitted to the arbitrators by the agreement to submit and the order of reference, but the action pending in court, while the clerk notified them that all matters in difference between the parties were submitted to them. The oath which they took obliged them to assume the burden of a general submission. These referees were constituted a special tribunal, for the trial of a particular cause. They assumed a more extended jurisdiction, and, for aught we know, and such is the presumption, they took all matters in difference between the parties into their consideration, in making up their award. Again, no notice was given to the parties of the time and place of the hearing before the arbitrators, so far as this record shows. For aught that appears, one party may have been there, and not the other. Either the award should show, or at least it should appear in proof, that the parties appeared before the arbitrators at the hearing, or that they had notice and might have appeared. Indeed, almost the whole proceeding, after the order of reference, seems to have been irregular.

The judgment must be reversed.

*Judgment reversed.*