WILLIAM J. SCHLATTER & another vs. CHARLES L. YOUNG.

Hampden.   November 12, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Mortgage,* Of personal property.   *Practice, Civil,* Rulings.

A mortgage of a greenhouse, including the plants then in it and after acquired property and giving the mortgagor the right to sell flowers and plants in the ordinary course of trade, where the mortgagee never has taken possession of the plants acquired after the delivery of the mortgage, gives him no title to such plants which can pass to a purchaser at a foreclosure sale under the mortgage.

It is proper for a judge before whom a case is tried without a jury to refuse requests for rulings of law based on testimony which he is not bound to believe, especially if he does not believe it.

CONTRACT upon an account annexed for coal alleged to have been sold to the defendant and delivered at a greenhouse on Hickory Street in Springfield owned by him, and for some small additional items.   Writ in the Police Court of Springfield dated December 5, 1905.

On appeal to the Superior Court the case was tried before *Fessenden, J.,* without a jury.   The character of the evidence is described in the opinion.

It was agreed that all items of debit and credit in the plaintiffs' account previous to January 7, 1904, should be stricken out, and that the items of coal in the account so amended were delivered at the greenhouse on Hickory Street.

The plaintiff asked the judge to find, as facts, as follows :

1.  That the defendant became the owner of the greenhouse on Hickory Street, in the city of Springfield, and all the contents covered by mortgage, on January 7, 1904, and remained the owner until March 1, 1904.

2.  That coal to the amount of $109.72 was delivered by the plaintiffs at the greenhouse owned by the defendant between January 7, 1904, and March 1, 1904.

3.  That the coal was so delivered by and with the knowledge and consent of the defendant.

4.  That Buckleton was in charge of the defendant's green-

house on Hickory Street during the period of the defendant's ownership.

5. That the other items in the plaintiffs' account were furnished by the plaintiffs at the request of Buckleton by the defendant's authority.

6. That the defendant received and accepted a substantial benefit from and as a result of the acts of the plaintiffs.

7. That the plaintiffs are entitled to recover.

The judge found as requested as to paragraphs 1 and 2 and refused to find as requested as to paragraph 3, substituting the following: "That the coal was so delivered by and with the consent of the defendant." He refused to find as requested as to paragraph 4, but found as follows: "That Buckleton was in the defendant's greenhouse on Hickory Street during the period of the defendant's ownership with the defendant's consent. He refused to find as requested as to paragraphs 5, 6 and 7."

The plaintiff also asked the judge to rule, as matters of law, as follows:

1. That the plaintiffs are not estopped to recover from the defendant by reason of their attempt to get evidence of indebtedness from Buckleton, or by their attempts to recover from any other person or persons.

2. That the plaintiffs are not estopped to recover from the defendant by the manner and form of keeping the account in the plaintiffs' books.

3. That the defendant is indebted to the plaintiffs in the amount of the items of the plaintiffs' account which the plaintiffs furnished with the knowledge and consent of the defendant, and from which the defendant derived any benefit.

4. That Buckleton was the agent of the defendant in conducting the business of the greenhouse.

5. That the plaintiffs are entitled to recover on the evidence.

The judge ruled as requested in paragraphs 1 and 2, and refused to rule as requested in paragraphs 3, 4 and 5.

The judge found for the defendant; and the plaintiffs alleged exceptions.

The case was submitted on briefs.

*H. A. Buzzell & C. S. Ballard,* for the plaintiffs.

*J. L. Doherty & W. G. Brownson,* for the defendant.

RUGG, J. This is an action of contract. Exceptions were taken before a judge of the Superior Court sitting without a jury. The plaintiffs' declaration was upon an account annexed. Most of the items were for coal delivered at a certain greenhouse of which the defendant was the owner. It is not asserted that the defendant was personally at the greenhouse during the time when the coal was delivered, one Buckleton being in actual possession and control. The points in controversy at the trial were whether the defendant had ordered the coal, whether Buckleton was acting as the agent for the defendant in ordering it and conducting the business of florist and whether the defendant received and accepted any substantial benefit from the acts of the plaintiffs. There was conflicting evidence upon all these points. The judge found, in accordance with requests of the plaintiffs, that the defendant was the owner of the greenhouse and whatever of its contents was covered by a certain mortgage, by the foreclosure of which the defendant acquired title. This mortgage was dated May 29, 1901, and was foreclosed by sale at public auction on January 7, 1907. No request was presented nor finding made as to the title to the plants in the greenhouse at the time of the delivery of the coal. Although the mortgage covered the plants then in the greenhouse and future acquired property, it also contained a reservation to the mortgagor of the right to sell flowers and plants in the ordinary course of trade, and there was no evidence that the mortgagee ever took possession under his mortgage of the property acquired after its delivery. It was necessary for him to do this at least in order that title to such property might pass to a purchaser at the foreclosure sale. *Wasserman* v. *McDonnell*, 190 Mass. 326. There was no evidence as to whether any of the plants included in the mortgage remained at the time of the sale, but there was plenary evidence that flowers and plants had been sold since the date of the mortgage. There was no testimony contradicting that given by two witnesses, that no plants were included in the foreclosure sale. It was therefore impossible to make the finding of fact or ruling of law requested by the plaintiffs that the defendant accepted or received benefit from the acts of the defendant, and was indebted for the items of the plaintiffs' account. Even if all the contents of the greenhouse

had been owned by the defendant, it would not follow as matter of law that he would be bound to pay for coal ordered by one in possession, not as his agent, but in some independent capacity. Upon all the other matters of fact as to which rulings were requested there was abundant evidence warranting findings by the judge adverse to the contentions of the plaintiffs, and such findings cannot be disturbed. *Bailey* v. *Marden*, 193 Mass. 277. The requests which the plaintiff styled "as matters of law," were based upon aspects of the evidence, which the judge was not bound to believe, and obviously did not believe. Therefore they were properly refused.

*Exceptions overruled.*