JOSEPH S. WATERMAN AND SONS, INCORPORATED, *vs.* JOSEPH H. SOLIDAY, administrator *de bonis non.*

Suffolk.    October 15, 1918. — December 12, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Rulings and instructions.    *Limitations, Statute of,* Special. *Executor and Administrator, De bonis non.*

Where a judge hearing a case without a jury refuses to pass on certain requests for rulings, this is equivalent to a refusal to make the rulings requested.

Under R. L. c. 141, § 17, (now amended by St. 1914, c. 699, § 7,) the liability of an administrator *de bonis non* in an action of contract is limited to two years after he gave notice of his appointment unless new assets have come to his hands, and where he is made a party to a pending action originally brought against a former administrator of the same estate, the action cannot be maintained unless the administrator *de bonis non* has been brought into court as a party within such two years.

CONTRACT, originally brought against Orlando F. DeShon, administrator of the estate of Charles Henry Fowler, late of Boston.

Writ in the Municipal Court of the City of Boston dated September 16, 1911, and amended by leave of that court on November 18, 1916, by the substitution as defendant of Joseph H. Soliday, administrator *de bonis non* of the estate of Charles Henry Fowler.

On appeal to the Superior Court the case was submitted upon an agreed statement of facts to *Sisk*, J., sitting without a jury. The material facts are stated in the opinion. The judge ruled that R. L. c. 141, § 17, operated as a bar to the plaintiff's action. He denied a motion of the plaintiff asking him "to direct a finding for the plaintiff," and ruled at the request of the defendant "that on the agreed statement of facts the finding must be for the defendant." The plaintiff filed a request for certain rulings. The judge filed a "memorandum" in which he stated his rulings as given above and in regard to the plaintiff's requests made the following statement: "The plaintiff filed nine requests for rulings, a copy of the same being annexed hereto. As all the facts are agreed, and in view of my finding for the defendant upon those facts, and my ruling that the statute is a bar to the action, the plaintiff's requests for rulings inconsistent therewith become immaterial and inapplicable."

The judge found for the defendant; and the plaintiff alleged exceptions.

*S. R. Wrightington,* for the plaintiff.

*H. T. Richardson,* for the defendant.

CROSBY, J. This action was heard by a judge of the Superior Court, sitting without a jury, who ruled that it could not be maintained, and found for the defendant. The plaintiff excepted to certain rulings and refusals to rule, and also to the refusal of the judge to pass specifically upon certain requests for rulings. The failure of the presiding judge to rule upon the requests last above referred to is equivalent to a refusal to make such rulings, and is to be so treated. The case is before us upon the plaintiff's exceptions, an agreed statement of facts, and a "memorandum" filed by the judge.

On September 21, 1909, Orlando F. DeShon was appointed administrator of the estate of Charles Henry Fowler and duly qualified as such administrator. The plaintiff had a claim against the estate for the funeral expenses, and on September 16, 1911,

brought an action against the administrator in the Municipal Court of the City of Boston. The defendant was defaulted but judgment was not entered. On January 11, 1912, the plaintiff caused the administrator to be cited into the Probate Court to render an account, and afterwards he was removed by that court. On January 18, 1912, the defendant was appointed administrator *de bonis non* of the estate, and he duly qualified as such administrator by giving a bond, which was approved on the same date; he also seasonably gave due notice of his appointment. On February 12, 1914, his first account was allowed, and on the same day, under and in accordance with an order for distribution made by the Probate Court, he fully distributed the estate to the heirs at law. On October 8, 1914, a final decree was entered in the Probate Court confirming the distribution. The plaintiff had no actual notice or knowledge of the defendant's appointment as administrator, of the filing or allowance of his account, of the order of distribution, of the actual distribution, or of any other proceeding affecting the estate, until about November 18, 1916. The defendant had no actual notice or knowledge of this action, or of the claim of the plaintiff against the estate, until about November 18, 1916. No further assets are in the hands of the administrator, and it is also agreed, if material, that neither of the parties was negligent in the premises.

On November 18, 1916, the plaintiff filed a motion in the Municipal Court to amend the writ and declaration by substituting the name of the defendant as administrator *de bonis non* for the name Orlando F. DeShon, administrator, which motion was allowed, and thereafter the defendant was summoned in to defend the action. He appeared and filed an answer setting up among other defences the special statute of limitations. R. L. c. 141, § 17. The allowance of the amendment was within the discretion of the Municipal Court, and we do not understand the defendant to contend to the contrary. R. L. c. 173, §§ 48, 121. *Hutchinson* v. *Tucker*, 124 Mass. 240.

R. L. c. 141, § 17, (now amended by St. 1914, c. 699, § 7,) is applicable to the case at bar. It provides that if a new administrator is appointed he "shall be liable to the action of a creditor for two years after he has given bond for the performance

of his trust . . . but after the expiration of said two years, he shall, if he has given due notice of his appointment, have the benefit of the limitations provided for original administration."

While the allowance of the amendment summoning the defendant as a party is in a sense a continuation of an existing action, still we are of opinion that it was not the intention of the Legislature that an administrator *de bonis non* under § 17 should be held liable in an action where the right of action has accrued and is originally brought against a former administrator, unless the new administrator is made a party defendant in such action within two years from the date of his appointment, except as is provided in § 18 of the same chapter. That is to say, the liability of an administrator *de bonis non* in such an action is limited to two years from the date of his appointment unless new assets come to his hands, whether the action is brought against him in the first instance or he is made a party to a pending suit originally brought against a former administrator.

To construe the statute as authorizing a creditor to summon in an administrator *de bonis non* after the death, resignation, or removal of the original administrator, after the expiration of two years from the appointment of the new administrator, and when his final account has been allowed and a decree for distribution ordered by the court has been complied with, would be such an interpretation of the legislative intent as might result in manifest injustice and unreasonable delay in the settlement of estates. The statute should not be so construed in the absence of plain and unequivocal language to that effect.

As the defendant had no knowledge of the pending action, and was not made a party to it until more than four years after his appointment, he cannot be held liable. The judge rightly ruled that the special statute of limitations, (R. L. c. 141, § 17,) is a bar to the action.

*Exceptions overruled.*