SCHMOLL FILS AND COMPANY, INC. *vs.* S. L. AGOOS TANNING COMPANY.

Suffolk.   March 19, 1926. — May 28, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Sale*, Warranty.   *Practice, Civil*, Findings by judge.

Statements of findings of fact, by a judge who heard an action at law without a jury, if they are made a part of a bill of exceptions, are before this court for consideration in any material aspect.

At the hearing of an action for the repayment by the defendant to the plaintiff of a sum of money paid by the plaintiff to the defendant as the purchase price of "hides, specifically described as Karachi hides, marked 'Ralli,' their weight to be 13/20 pounds (meaning that the weight of the individual hides in a bale ranged between 13 and 20 pounds)," the plaintiff claimed a right to rescind the contract because the hides delivered were "12/20's" instead of "13/20's," there being found in each bale some hides under twelve pounds and some over twenty pounds in weight. The judge found in substance that "the

hides delivered by the defendant to the plaintiff were fairly and substantially of the character and description contemplated by the contract"; and, upon exceptions by the plaintiff, this court *held*, that

(1) The description of the weight of the hides in pounds concerned the identity and not the quality alone of the hides sold;

(2) The evidence warranted the findings;

(3) The finding was in effect a finding, also warranted by the evidence, that the hides delivered were, as merchandise in bulk, identical with hides which were contracted to be sold, whether they were called "12/20's" or "13/20's";

(4) Rulings requested by the plaintiff, in substance that the delivery of the hides was a breach of warranty to deliver only "13/20" hides; that the fact that the difference between "12/20's" and "13/20's" was small or that the "12/20's" were just as the "13/20's," or that "12/20's" were just as good as the "13/20's" was immaterial; and that, if in fact the defendant did deliver "12/20's," the plaintiff was entitled to rescind the sale for breach of warranty as to the description of the goods; and that it was no defence to this action that "12/20's" were just as good as "13/20's", were immaterial in view of the facts found.

CONTRACT OR TORT for repayment of $36,898.90, paid by the plaintiff to the defendant as the purchase price of hides under a contract which the plaintiff claimed a right to rescind. Writ dated August 10, 1920.

In the Superior Court, the action was heard by *Irwin*, J., without a jury. Material evidence, findings by the judge, and rulings requested by the plaintiff are described in the opinion. The exceptions by the plaintiff to rulings by the judge as to evidence were described by the plaintiff in its brief as follows, in substance: A first class of exceptions were "exceptions to the exclusion of evidence tending to prove that the hides delivered to the plaintiff were 12/20's," as to which the plaintiff stated in its brief: "The first class, of course, becomes immaterial if, as the plaintiff indeed believes should be done, the specific findings of the trial court are to the effect that 12/20's were delivered to the plaintiff, or if this court accepts the view of the trial court that the plaintiff was required under his contract to accept something not 13/20's but just as good. Otherwise, they must be considered." The second class of exceptions were "to the admission of evidence tending to prove that 12/20's were more valuable than 13/20's." As to these, the plaintiff in its brief argued: "The evidence was irrelevant to the issues. The issue was whether the defendant had delivered to the

plaintiff 13/20's, not hides equally or more valuable. Its effect was obviously prejudicial. It should have been excluded."

The judge found for the defendant. The plaintiff alleged exceptions.

*L. Withington,* (*E. C. Park* with him,) for the plaintiff.

*Lee M. Friedman,* (*P. D. Turner* with him,) for the defendant.

PIERCE, J. This is an action in contract, heard by a judge of the Superior Court sitting without a jury, to recover the purchase price paid by the plaintiff for certain hides, on the ground that the contract had been rescinded because the hides were not of the quality and description of the contract of purchase and sale. The case comes before this court on exceptions to the finding of the judge for the defendant, "particularly for the reasons set forth in the memorandum accompanying said finding," to his failure to pass on certain requests for rulings seasonably presented by the plaintiff, and to the exclusion and admission of evidence.

The findings of fact are made a part of the bill of exceptions and are therefore before us for consideration in any material aspect. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 495. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 135. The facts which are pertinent to the issue raised by the bill of exceptions may be stated succinctly as follows: On June 9, 1920, inadvertently found by the judge to be June 20, 1920, "the parties entered into a contract by the terms of which the plaintiff agreed to purchase and the defendant agreed to sell a certain quantity and quality of hides, specifically described as Karachi hides, marked 'Ralli,' their weight to be 13/20 pounds (meaning that the weight of the individual hides in a bale ranged between 13 and 20 pounds)." On June 10, 1920, the defendant sent the plaintiff a letter inclosing an invoice for the lot of Karachies which gave the weight of the hides sold as 13/20's. The concluding paragraph of the letter reads as follows: "Please send us your check for this by return mail or else have credit opened immediately. It was understood from Mr. Smith that credit would be opened by wire on this lot yesterday, but we have not been advised of any such credit yet." The

plaintiff informed the defendant in reply that a credit was opened to pay the amount of the purchase price at The First National Bank of Boston, and requested the defendant to furnish the plaintiff with the original weight accounts which were attached to invoices the defendant had received from the shippers in India.

The defendant then sent to The First National Bank of Boston delivery orders for the bales of hides sold which were in warehouses in the city of Boston, and sent the original Ralli Brothers' weight slip and specifications to the plaintiff in New York, under date of June 14, 1920. A letter of credit issued to the defendant for account of the plaintiff, dated June 10, 1920, which authorized the defendant to draw on The First National Bank of Boston at ninety days sight for any sums of money not exceeding in total $38,000. The two delivery orders of the defendant to the bank were forwarded to the plaintiff upon its executing on June 12, 1920, a trust receipt of goods for The First National Bank of Boston, which trust receipt showed the amounts due in Boston on September 7, 1920, to be $36,898.90. The bank held the trust receipt until payment on September 7, 1920, and the hides remained in the warehouses and had not been removed by the plaintiff at the time of the trial.

About July 12, 1920, before any one connected with the plaintiff had seen any of the hides after its purchase, a clerk of the plaintiff engaged in checking the invoice called attention to a discrepancy between the invoice received from the defendant and the invoice received from the bank on the execution of the trust agreement. In the first invoice the hides were described as 13/20's, in the last they were described as 12/20's. After conference with its attorney, the plaintiff under date of July 12, 1920, sent the defendant the letter which follows: "In connection with our purchase of 10,000 Arsenicated Karachi Hides from you, confirmed in your letter of June 9th weights 13/20 pounds, we notice in the invoice, which we received from the bank with which we opened credit for the purchase price of these hides, that the weights are given from 12 to 20 pounds. Under the circumstances, these hides not being in accordance with the con-

tract, we must refuse to keep them and herewith tender them back to you, demanding at the same time reimbursement for the full amount of the purchase price, interest and expenses incurred by us since we received them. Upon failing to receive a favorable answer from you on or before the 16th, we will be compelled to offer these hides for sale at the best price they can bring and will hold you responsible for the difference."

Thereupon correspondence from the plaintiff ensued, the substance of which as abridged in the brief of the defendant is as follows:

"(a) That it was immaterial whether the goods were billed to the plaintiff at 13/20 or 12/20, in view of the fact the average of weights is as 'sold you.'

"(b) The sale was of a specific lot of merchandise, which 'your examiner looked at this lot and we understand you bought them based upon his examination.'

"(c) That 'before you paid for these goods we sent you a memorandum showing the actual weights, bale for bale.'

"(d) That 'you are attempting to cancel after the market has changed.'

"(e) That 'you are making the claim after you have had all the information and the goods for over a month.'

"(f) That 'we fulfilled the contract by delivering the proper goods.'

"The plaintiff denied this, claiming that they had bought a range of merchandise where the minimum weight of any skin should be 13 pounds and the maximum 20 pounds, and on July 26 sent a weigher from New York, who examined 4 of the bales of skins and found in each bale a few skins which weighed under 13 pounds and a few which weighed over 20 pounds."

The plaintiff on August 10, 1920, brought this action to recover the sum the defendant had received on June 12, 1920, by means of the letter of credit established by the plaintiff.

At the termination of the trial, the plaintiff filed among others the following requests for rulings:

"12. The sale in this case was a sale of goods of a specific description.

"13. The description 13/20 pounds amounts to a warranty that the goods are as described. The plaintiff was entitled to rely upon the description as a warranty.

"14. The plaintiff was entitled to rescind because the goods did not conform to the description which amounted to a warranty.

"15. The fact that the difference between 12/20's and 13/20's was small or that the 12/20's were just as the 13/20's, or that 12/20's were just as good as the 13/20's, is immaterial, and if in fact the defendant did deliver 12/20's, the plaintiff is entitled to rescind the sale for breach of warranty as to the description of the goods."

"17. The fact that other tanners used indiscriminately 12/20's and 13/20's is immaterial in the present case as the contract of purchase was for 13/20's.

"18. It is no defence to this action that 12/20's were just as good as 13/20's."

"20. Entirely aside from the description of the goods, the plaintiff was entitled to rescind the contract for water damage."

The judge did not pass upon the plaintiff's requests, and the exceptions must be sustained unless upon a consideration of the whole case it is evident they are based upon assumed facts not fairly warranted by the evidence, or that they are immaterial or inapplicable in view of facts distinctly found and stated as the ground of refusal. *Jaquith* v. *Davenport*, 191 Mass. 415. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17. *Plimpton* v. *New York, New Haven & Hartford Railroad*, 221 Mass. 548, 551. *Simmons* v. *Poole*, 227 Mass. 29, 34. *Joseph S. Waterman & Sons, Inc.* v. *Soliday*, 231 Mass. 422.

The judge found that "The plaintiff was given unrestricted opportunity to examine the hides before making the contract, and it did, by an expert in hides, make an examination thereof, for the purpose of discovering whether there were winter hair in the lot; the expert who made this examination for the plaintiff 'could tell by merely handling a hide about what the (its) weight is:' The hides were delivered and the purchase price paid: The plaintiff bases its right to

rescind the contract and recover in this action the sum of the purchase price paid upon the ground that the hides were not in weight 13/20's, but were 12/20's: The trade recognizes no dainty exactness in the weight of hides packed in bales; read by the light of the usage, custom and practice of the trade, the figures given as indicating the weight of the individual hides packed in a bale are but an approximation of their weights: By the trade it is expected that some of the hides will weigh less than the minimum, and some will weigh more than the maximum figures: Each bale contained eighty odd hides: In preparing for baling at the port of shipment the hides are not separately weighed, but are weighed in groups, so to speak, three to five hides in each weighing: However described in the documentary evidence presented in the hearing of this case, the result of the weighing of the hides by an expert weigher appointed by the plaintiff, when judged by the usage, custom and practice of the trade, disclosed that the hides delivered by the defendant to the plaintiff were fairly and substantially of the character and description contemplated by the contract.   Upon consideration of all matters and things presented during the hearing of the case, the court finds for the defendant."

The plaintiff contends that the general finding of the judge is inconsistent with the specific findings and the uncontroverted facts.   We consider the case on the position taken by the plaintiff "that the only substantial issue of fact in the case was whether the hides delivered to the plaintiff were 12/20's and not 13/20's as described in the contract between the parties."

The description of the weight of the hides in pounds concerned the identity and not the quality alone of the hides sold.   In such a sale a warranty is implied that the merchandise delivered shall correspond to the description. *Leonard* v. *Carleton & Hovey Co.* 230 Mass. 262, 264.   *Trimount Lumber Co.* v. *Murdough,* 229 Mass. 254, 256.   *Procter* v. *Atlantic Fish Co. Ltd.* 208 Mass. 351, 354.   The acceptance of the title does not as matter of law constitute a waiver by the buyer of the right to rescind for breach of warranty of identity, if the provisions of G. L. c. 106, § 58 (3) are com-

plied with. *Skillings* v. *Collins*, 224 Mass. 275. Upon the conflicting testimony disclosed by the bill of exceptions, the judge was warranted in reaching one of the following conclusions of fact: (a) That hides sold in bales as 13/20's represent a range of hides in bulk which differ in kind, grade and quality from hides sold in bulk as 12/20's; (b) that a sale of hides in bulk as 13/20's represents a range of hides in bulk between thirteen and twenty pounds, and according to the usage, custom and practice of the trade, is satisfied by the delivery in bulk of 12/20's which are different from 13/20's in a degree which is so slight, so difficult to determine, that one could not be picked out from the other or the difference determined without the use of an apothecary scale to weigh the individual hides; (c) that the particular hides were sold to average 13/20 pounds; that the leather trade does not think there is any difference between 13/20's and 12/20's dry Karachi hides; there is no practical difference between 12/20's and 13/20's dry Karachi hides; and (d) that hides in bulk baled in India as 13/20's or as 12/20's are indiscriminately described and are for all practical purposes of the trade identical.

The finding of the judge that "the hides delivered by the defendant to the plaintiff were fairly and substantially of the character and description contemplated by the contract" was fully warranted by the evidence, and in effect is a finding, also warranted by the evidence, that the hides delivered were as merchandise in bulk identical with hides which were contracted to be sold whether they were called 12/20's or 13/20's. It results that the requests were inapplicable because based upon a supposition of fact which the judge found did not exist.

There was no error in the refusal to rule that the plaintiff was entitled to rescind the contract for water damage. The evidence warranted a finding, if it did not require a ruling, that the hides were sold "free of water or other damage."

We find no substantial error, nor any which requires a reversal of the conclusion of the judge, in the exceptions saved by the plaintiff in matters of evidence.

*Exceptions overruled.*