SARAH MINDELL *vs.* LOWE GOLDMAN & another.

Suffolk.    April 8, 1941. — July 12, 1941.

Present: FIELD, C.J., QUA, DOLAN, & COX, JJ.

*Bills and Notes,* Alteration, Sealed note, Attested note, Construction, Signature, Indorser, Maker. *Contract,* Under seal. *Limitations, Statute of. Evidence,* Presumptions and burden of proof.

A promissory note bearing a seal opposite the signature of the first of two signers was as to both a sealed instrument respecting which the period of limitation of action was twenty years under G. L. (Ter. Ed.) c. 260, § 1, First.

The addition of the signature of a witness on a sealed promissory note after delivery and without the consent of the maker would not constitute a material alteration thereof.

The language of a promissory note, reading, "I [naming an individual] promise to pay," and signed by that individual and another would be ambiguous and the capacity in which the second individual signed would not be "clear" within G. L. (Ter. Ed.) c. 107, § 39 (6), and under that statute he would be an indorser.

In a promissory note signed by two individuals but reading, "I [naming one individual] promise to pay," the addition, after delivery and without the consent of the signers, of the name of a second individual before the word "promise" would change the capacity of the second individual from an indorser to a maker and would be a material alteration of the note within G. L. (Ter. Ed.) c. 107, § 148, avoiding the instrument under § 147.

In an action upon a promissory note, where a defence was that after delivery the note had been materially altered without the defendant's consent, the burden was on the plaintiff to prove that the note was in the same condition at the time of delivery as it was at the time of the trial, and the plaintiff in this respect was not aided by any presumption.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated February 10, 1938.

Upon removal to the Superior Court, the action was tried before *Kirk,* J., who, after the jury had answered special questions, ordered a verdict for the plaintiff against both defendants.    The defendants alleged exceptions.

*S. Fishman,* for the defendants.

No argument nor brief for the plaintiff.

DOLAN, J.  This is an action of contract in which the plaintiff seeks to recover a balance alleged to be due upon a promissory note signed by the defendants Lowe and Gertrude Goldman, who are husband and wife.  The defendants' answer contains a general denial, an allegation that the note has been materially altered since it was made, and a denial of the genuineness of the signature of the witness to the note.

The note was secured by a second mortgage on land owned by the defendant Lowe Goldman.  So far as here material the note, which was dated March 18, 1931, reads as follows:  "I, Lowe Goldman, and Gertrude Goldman Promise to pay to Sarah Mindel or order the sum of Five Thousand and no/100 Dollars ($50.00 per month payable on account of principal) in three years from this date, with interest monthly at the rate of six per centum per annum during said term, and for such further time as the said principal sum, or any part thereof, shall remain unpaid.

> Witness                   Gertrude Goldman          [Seal]
> William J. Kenney        Lowe Goldman"

The body of the note is either printed or typewritten, except that the words "and Gertrude Goldman" are in handwriting.  The evidence would require the jury to find that the defendants signed the note before delivery to the plaintiff (they so testified), and that the consideration therefor was paid by the plaintiff to the defendant Lowe Goldman.  The evidence was conflicting with respect to whether the words "and Gertrude Goldman" and the signature of the witness Kenney were upon the note when it was delivered to the plaintiff.  The jury could find either that the words "and Gertrude Goldman" were then upon the note, or that they were inserted after its delivery without the consent of the defendants.

It is unnecessary to consider whether the evidence would warrant the jury in finding that the name of the witness Kenney was on the note when delivered to the plaintiff, because the instrument is under seal and hence, even if the name of the witness was placed upon the note after delivery, it would not enlarge or otherwise affect its character.  *Ford*

v. *Ford,* 17 Pick. 418, 421. To be a material alteration the change must be such as to change the legal effect of the instrument. Daniel, Negotiable Instruments (7th ed.) § 1652. Ordinarily the addition of the name of a witness to a note would have the effect of extending the period of limitation of action thereon to twenty years after the cause of action accrued, G. L. (Ter. Ed.) c. 260, § 1, Third, and so would be a material alteration. *Homer* v. *Wallis,* 11 Mass. 309, 312, 313. *Smith* v. *Dunham,* 8 Pick. 246, 249. G. L. (Ter. Ed.) c. 107, § 148. Brannan, Negotiable Instruments Law (6th ed.) § 125. In the present case, however, there is affixed to the instrument a seal opposite the name of the first signer, Gertrude Goldman, and it is therefore a sealed instrument as to both the signers. *Mill Dam Foundery* v. *Hovey,* 21 Pick. 417, 428. *District of Columbia* v. *Camden Iron Works,* 181 U. S. 453, 460. *Reeves* v. *Eldridg,* 20 Ill. 383, 384. *Muckleroy* v. *Bethany,* 23 Texas, 163, 164. *Mapes, Ryan & Co.* v. *Newman,* 2 Ark. 469. Am. Law Inst. Restatement: Contracts, § 98 (2). This being so, the addition of the name of a witness thereto would not have any legal consequence other than that already attached to it as a sealed instrument, which is of itself actionable within the period of twenty years after the cause of action accrues, under the provisions of G. L. (Ter. Ed.) c. 260, § 1, First. *Clarke* v. *Pierce,* 215 Mass. 552, 554. It follows that whether the signature of the witness Kenney was upon the note at the time of its delivery or was placed thereon subsequently is not material. *Graham* v. *Middleby,* 185. Mass. 349, 352.

We are of opinion, however, that the addition of the words "and Gertrude Goldman" in the body of the instrument, if inserted after delivery to the plaintiff and without the consent of the defendants, would constitute a material alteration in the instrument, since it would operate to change the defendant Gertrude's legal position from that of an indorser to that of a maker. See G. L. (Ter. Ed.) c. 107, §§ 147, 148 (4). Under G. L. (Ter. Ed.) c. 107, § 39 (6), it is provided that "Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign he is to be deemed an endorser." In *La*

*Caisse Populaire Credit Union* v. *Cross*, 293 Mass. 190, at page 193, the court, in interpreting the portion of the statute just referred to, said that "The first prerequisite to the application of the statute is that 'the language of the instrument is ambiguous.'" In the present case if, as contended by the defendants, the words "and Gertrude Goldman" were not in the body of the note when delivered, it was then ambiguous, since it would have named but one maker, and would have been signed by two persons. We think that § 39 (6) would apply to the note in the form in which it would stand without the insertion in the body of it of the handwritten words "and Gertrude Goldman." But since the jury could find, as before stated, that those words were upon the note when it was delivered to the plaintiff, there was no error in the denial of the defendants' respective motions for a directed verdict.

Special questions submitted to the jury were as follows: (1) "Were the words 'and Gertrude Goldman' in the body of the note when the note was delivered to the plaintiff" and (2) "Was the signature of William J. Kenney on the note when it was delivered to the plaintiff." In submitting these questions to the jury, the judge instructed them in substance that there was a presumption that the note bore on its face the writings "that are indicated thereon when it was delivered to the plaintiff," that the burden of proof was on the defendants to satisfy them by a fair preponderance of the evidence that the words in question were put on the note after its delivery to the plaintiff, and that if they were in doubt, or their minds were "evenly balanced," they should answer the questions "Yes." The defendants excepted to these instructions and to the judge's refusal of a ruling that the burden was upon the plaintiff to prove that the note was in the same form at the time of delivery as at the time of the trial. The jury answered both questions in the affirmative and thereupon the judge, subject to the defendants' exceptions, directed the jury to return a verdict for the plaintiff.

There is a seeming conflict of authority upon the question of presumptions and the burden of proof in cases in-

volving the defence of alteration of written instruments, some authorities holding that the matter is governed by such considerations, for example, as the physical appearance of the instrument, that is, whether it is fair on its face, or by the nature of the pleadings. The modern tendency is to avoid stating the problem in the form of rules of presumptions with exceptions, Wigmore, Evidence (3d ed.) § 2525; and in this Commonwealth it is settled that there is no presumption as to the time of alteration of the note, that the question is one of fact for the jury upon all the evidence, and that, where the issue arises whether there has been an alteration of the note since it was given, the plaintiff must establish that it is the defendant's note and "on this proposition the plaintiffs have the burden of proof throughout." *Simpson* v. *Davis*, 119 Mass. 269, 270, and cases cited. *Ely* v. *Ely*, 6 Gray, 439, 441. *Cape Ann National Bank* v. *Burns*, 129 Mass. 596, 597. *Graham* v. *Middleby*, 185 Mass. 349, 352. *New England Grape Co.* v. *Fidelity & Deposit Co. of Maryland*, 268 Mass. 298, 304. See *Foss* v. *McRae*, 105 Maine, 140, 142; *Barletta* v. *New York, New Haven & Hartford Railroad*, 297 Mass. 275, 277.

It follows that the instructions given by the judge to the jury with reference to the burden of proof were erroneous and prejudicial to the defendants.

*Exceptions sustained.*