Estes, P. J.
In this .action- of contract the plaintiff seeks to recover four hundred dollars, with interest, on a pr-omis1 *30 spry note dated February 28, 1936 payable in .two years. The writ is dated September 16, 1944. The note purports to have been witnessed by “Lyman F. Palmer,” 'an employee of the plaintiff, but who died 'before this ease was tried.
The answer, besides general denial and payment, .denied the defendant’s signature-, and alleged a material alternation, failure of consideration, and pleaded the statute of limitations and accord and satisfaction.
The evidence was conflicting on the question of whether or not the note was actually witnessed. It is claimed by the defendant that Palmer’s name was -added subsequent to the signing and delivery by her, and was an alteration', consequently that the .statute was not tolled. The addition of the name of a witness to an unsealed note is a material ■alteration, since it extends the- period of limitation of action to twenty years, Mindell v. Goldman, 309 Mass. 472 and cases cited.
Joseph B. Grossman, treasurer of the plaintiff, testified that, after negotiations with the defendant’s, father, he agreed that the plaintiff would take a note secured by a second mortgage on premises owned by the defendant as -security for payment of merchandise to be sold and delivered to the father and to be used on the premises' owned by the defendant. Mr. Grossman could not recollect who drew the note and mortgage, but testified that he gave -them to Lyman to. have executed. That on February 28, 1936, they were returned to him by Lyman fully executed. He identified the signature of Lyman as the witness on the note. The first mortgage -on the premises was f oreclosed.
One Belt, credit manager of the plaintiff, testified that he was familiar with Lyman’s signature, and that it was Lyman’s signature that appeared as witness on the note-. The note, exhibited to the Appellate Division, as well as to the *31 trial judge, showed the signatures of the defendant and Palmer hath to be written with a “bluish” ink,-which was the only ink .of that color on the instrument. ■ •
The defendant admitted her .signature . on the note, but-testified it was not signed in the presence of Lyman. That the only persons present were her father .'and the notary public, who took her acknowledgment of the execution of the mortgage, and who has since died.
The defendant’s father testified that he received 'the instruments 'by mail, -and that when the defendant signed no-one other than the notary .public and himself were- presents That be, the father, personally delivered.them to the- treas-; urer of the plaintiff after they were executed.
The defendant made twelve requests for rulings. The court refused 1, 2, 3, 4 and 12. Refused 7 “on facts.found,” and allowed all others. He filed a written finding: “on the. law and evidence I find that the defendant for valuable consideration executed and delivered the note declared • on; that it was a witnessed note; that -it has never been paid in whole or in partthat after its execution at no time 'had it'been materially altered,” and found for the plaintiff in the. sum of $400.00 with interest from the date of. the -note.;
The defendant claims to he aggrieved by the denial of . her requests. •
,By inference the defendant acknowledges that the court did not have to believe the- testimony o-f the defendant or .of her father, but -contends- that o-n 'the- evidence- most favorable to the plaintiff it has not sustained the burden of proof that the note was witnessed. The burden of proof was on the plaintiff, but the question is. one of -fact. Mindell. v. Goldman, supra. Mr. Grossman testified that the note was returned to Mm fully executed. He identified, -the signature of the witness to- the note, -as did the witness Belt. The signatures of both the defendant and Buhner were *32 obviously written with the same ink, and it is a fair inference with the .same pen.
If this evidence was undisputed we are of the opinion .that the court would be bound to find for the plaintiff. Even the defendant’s father said he returned the instrument personally to Mr. Grossman and, whichever view of the evidence is taken as to the delivery of the note, if ¡Mr. Gross-man’s evidence, that the note was fully executed when delivered to him is believed, we think this ease falls within the principle laid down in Alpert v. Radner, 293 Mass. 109 at 112, and the defendant is estopped from contending that the note was not duly witnessed. It follows that her requests 2 and 3, that the plaintiff had not sustained the burden of proof, were properly denied. But, even if she is not estopped, we still think that the plaintiff’s evidence, and the. inferences to be drawn from it and the exhibit, suffice to sustain the burden of proof.
Requests 4 and 7 are partly, at least, requests for findings of facts, or based on facts, which the written finding clearly indicates were not made. And as findings of facts they were properly denied, Schlatter v. Young, 197 Mass. 36 at 39, and see Schmoll Fils & Co. v. S. L. Agoos Tanning Co., 256 Mass. 195 at 202.
The requests which the court allowed show that the judge understood the law, and the eff ect of an unauthorized alteration .of the note.
Of course, if it was properly found that the note was witnessed request numbered 12 could not be given.
What has been said above disposes of the defendant’s argument concerning the findings after the allowance of requests, but the report .does not say that the defendant made any claim to be aggrieved thereby.
The court unwarily fell into the trap of denying the first request. Unless, under the circumstances, the de *33 f-endant is estopped from denying* that the- note was witnessed, the evidence- of the defendant and her father if .believed, would “warrant the court to- make a finding for the defendant.” Consequently, unless sufficient appears to show that the error was not harmful, we would be obliged to order a ne-w trial.
Here we think there was sufficient. The finding 'after the allowance -of requests clearly shows that the -court did not believe the defendant and her witness, and did believe the plaintiff’s witnesses, and drew inferences favorable to plaintiff from the exhibit of -the note. The written finding shows that the requested ruling had become irrelevant. It is to be regretted that the court did not either allow the request, or state that it was denied as irrelevant on the facts found. But we consider’ .that no harmful error is shown since there was abundant evidence warranting the finding’s made by the judge, and the finding's can not be- disturbed Schlatter v. Young, supra; Schmoll Fils & Co. v. S. L. Agoos Tanning Co., supra.
The order, therefore-, is Report Dismissed.