KENISTON, C. J.
This is an action in tort in which the plaintiff seeks to recover for damages to his automobile by reason of the negligence of the defendant.
*[40] At the trial there was evidence which tended to show that the plaintiff stopped his automobile so near to the right side of the rear of the defendant’s street car, which was stopped at a street intersection, that when the street car started up and turned to its left into the intersecting street the rear end of the street car swung to its right and struck the left rear fender of the automobile of the plaintiff, damaging the left side of the automobile.
The plaintiff filed no requests for rulings.
The defendant filed eight requests for rulings upon which no action was taken by the court and the court found for the defendant.
Thereafter the plaintiff filed a motion for a new trial for the reasons “that the finding was against the law, against the evidence and against the weight, of the evidence, and for the further reason that the failure of the court to rule on the defendant’s requests for rulings being equivalent to a refusal to give them, makes the general finding for the defendant inconsistent with the failure to act on the defendant’s requests for rulings.”
At the hearing on the motion for a new trial the plaintiff filed the following request for ruling:
“When the plaintiff, relying on the practice that the Court will adopt correct rules for his guidance, has filed no requests for rulings that are material to the issue, and these requests are not acted on by the Court, and are thereby refused, a general finding for the defendant inconsistent with said refusal, is ground for a new trial and the plaintiff’s motion for a new trial should be allowed.”
After a hearing on the motion for a new trial the Court denied the motion for a new trial and noted the following on the plaintiff’s request for ruling: “Denied — the defendant’s requests were not acted on by the Court because it felt there was no obligation to act on them where it was satisfied that on all the evidence the plaintiff was not in the exercise of due care. The defendant’s requests were neither granted or denied because I felt there was no obligation to pass on them. They were not ‘refused’ as this request assumes, they became immaterial in view of the general finding.”
D. Henry Sullivan, Atty. for Plff.
C. A. McCarron, V. M. Banks, Attys. for Deft.
While it is well settled that a trial judge sitting without a jury must correctly instruct himself as to governing rules of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain he has not fallen into error, John Hetherington & Sons et al v. William Firth Co., 210 Mass. 8, 18-19; Castano v. Leone, 278 Mass. 429, 431; Povey v. Colonial Beacon Oil Co., 294 Mass. 86, 93, and that pertinent requests not acted upon by the trial judge are treated as having been denied, John Hetherington & Sons Co. v. William Firth Co., 210 Mass. 8, 17; Joseph S. Waterman & Sons v. Soliday, 231 Mass. 422, 423; Kravetz v. Lipofsky, 294 Mass. 80, 84; Bankoff v. Coleman Bros. Inc., 302 Mass. 122, 123; Mason v. Wylde, 308 Mass. 268, 279, and that the court’s finding must be consistent with the rulings given, Beck v. Warren Institution for Savings, 312 Mass. 315, 317; Duralith Corp. v. Leonard, 274 Mass. 397, 401, these requirements are only applicable to requests filed by the appealing party and do not apply to the requests of the prevailing party, at least, unless acted upon by the trial judge. See Castano v. Leone, 278 Mass. 429; Muto v. Deslaurier, 292 Mass. 405; Brodeur v. Seymour, 315 Mass. 527.
The requests of the prevailing party unless acted upon by the court become immaterial by the court’s finding.
The losing party is not an aggrieved party within the terms of R. L. (Ter. Ed.) chap. 231, sec. 108 by the failure of the court to pass upon the requests of the prevailing party. See Kravetz v. Lipofsky, 294 Mass. 80, 84.
If the plaintiff had wished to raise some questions of law he should have presented his, own requests of rulings and having failed to do so he cannot claim to be aggrieved by the court’s failure to act upon the requests by the defendant. Bangs v. Farr, 209 Mass. 339, 344.

Report dismissed.